**T. F. HINES, Appellant,**

v.

**Donald C. DAVISON, Jr., Appellee.**

No. 4258.

Court of Civil Appeals of Texas.

Waco.

July 30, 1964.

Rehearing Denied Aug. 6, 1964.

Walter E. Ressel, Sherwood Brown, Galveston, for appellant.

Neugent & Lilienstern, Texas City, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiff in a Trespass to Try Title Suit. Trial was before the court without a jury. Plaintiff plead record title, and defendant plead title by limitation. Plaintiff proved his record title, and defendant testified he had the land in controversy under fence since 1933. Plaintiff testified that there was no fence around the premises in controversy until about 1953 or 1954. Plaintiff then tendered the witness Nunn, who owned adjacent property and checked his property periodically. He testified there was no fence around the land in controversy in 1947 or 1948. Plaintiff's father likewise was tendered as a witness, and testified there was no fence on the premises in controversy in 1942 or 1947.

After the plaintiff rested, defendant orally asked the court to recess the case to a later time, in order that defendant might produce some rebuttal witnesses to the witness Nunn. The trial court refused to reset the case. The defendant thereafter took the stand and retestified he had the land under fence since 1933.

The trial court rendered judgment that plaintiff recover title and possession to the land sued for; and that defendant take nothing by his cross action.

Defendant appeals, contending the trial court erred in denying defendant "an adjournment to obtain the attendance of a rebuttal witness when no prejudice will be suffered by the adverse party and he has produced a surprise witness offering testimony of doubtful character."

Defendant's point and contention is overruled. Plaintiff plead and proved a record title in his suit. Defendant plead and tendered testimony in behalf of his contention of adverse possession. Plaintiff tendered himself and two other witnesses to rebut defendant's contention that he had the land in controversy under fence since 1933. Defendant said he was surprised by such testimony, orally asked for a "recess," and

filed no written motion. Moreover, defendant identified no witness who might be available at a later date to refute plaintiff's witnesses' testimony.

Defendant did not comply with Rules 251 or 252, Texas Rules of Civil Procedure. The complaint is that defendant's requests for "recess" or "adjournment" were overruled. The request was oral; did not show that diligence had been used to procure such testimony; who the witnesses were; or that injury would result if such "recess" not be granted. No abuse of the discretion of the trial court is shown. Hernandez v. Heldenfels, Sup.Ct., 374 S.W. 2d 196.

Defendant's point and contentions are overruled, and the judgment of the trial court is affirmed.