**Rodney SONNIER, Appellant,**

**v.**

**TEXAS EMPLOYERS INSURANCE ASSO-CIATION, Appellee.**

**No. 15099.**

Court of Civil Appeals of Texas.

Houston.

June 22, 1967.

M. W. Plummer, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Clyde Bracken, Jonathan Day, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the action of the trial court in withdrawing the case from the jury and entering a judgment for the defendant.

In the defendant's motion for judgment, filed after the plaintiff announced to the court that he had rested his case, two grounds are set out, i.e., failure to produce sufficient evidence to compute an average weekly wage rate, and failure to produce any evidence that plaintiff had experienced any period of incapacity to work as a result of the injury sustained.

Appellant contends that appellee's answer contained admissions establishing wage rate. In appellee's second amended original answer he stated:

"Further answer, Defendant would show that immediately following the Plaintiff's alleged accident and injury of December 29, 1964, it furnished him with competent and qualified medical care and attention and further paid him his weekly compensation benefits at the rate provided by law; accordingly, defendant has discharged its duty to the plaintiff under the Texas Workmen's Compensation Law."

This allegation, that plaintiff was paid "weekly compensation benefits at the rate provided by law", is contained in a plea in the nature of confession and avoidance following a general denial. The general denial put in issue the question of wage

rate. In such a case allegations contained in a special plea do not constitute admissions since under our rules inconsistent pleas may be filed. McDonald, Texas Civil Practice, Vol. 2, § 7.01, at pp. 611–612; Petit v. Klinke, 152 Tex. 142, 254 S.W.2d 769 (1953).

■ Appellant failed to produce any evidence that would negative Subdivisions 1 and 2 of Article 8309, Vernon's Ann.Tex. Civ.St. There was, therefore, no evidence from which the jury could have found a wage rate. Texas Employers' Insurance Association v. Ford, 153 Tex. 470, 271 S.W.2d 397 (1954); Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415 (1960).

While Section 10, Article 8306, V.A.T.S., provides for a minimum wage rate in the case of total incapacity for work, there is no similar provision in the case of partial incapacity. There is no provision for compensating a worker for pain unless the pain produces some incapacity to work, either total or partial.

Only the plaintiff testified in this case. It was his testimony that he went to a hospital on the day he was injured; that he stayed in the hospital five days; that his back was still hurting when he got out of the hospital and that it was about a month before he went back to work. He worked one day and was discharged. A week later he secured a job at a filling station. He worked there serving gas and servicing flats about eight months. Sometimes he would feel all right and at other times he couldn't work. He missed work two or three days a week. He left that job because he couldn't do the work. He couldn't fix flats and he thought he was going to be accused of taking money from the cash register. He then passed a pre-employment physical examination and went to work at United Industries and had a pretty good work record there at about the same weekly wage until he was hurt again. He testified that he had a family and had to work, but that he was in pain and sick all of the time. After his second injury for the first time he had pain extending down into his legs. His doctor told him that his first injury was a sprained back. While some of his testimony was weakened on cross-examination, the testimony summarized was not repudiated. At no time did he testify that he was unable to obtain and retain employment. There was no direct testimony that the pain in his back so disabled him that he could not perform the usual tasks of a workman. There was no testimony that his disability was permanent.

■ As a general rule the question of the extent and duration of the disability resulting from an injury is a question for a jury. Texas Employers' Ins. Ass'n v. Scott, 233 S.W.2d 171 (Tex.Civ.App., Amarillo 1950), error ref., n. r. e.

The only evidence of total disability is the fact that appellant did not return to work for four weeks following his injury at which time he continued to suffer pain in his back. There is no evidence of permanent disability. Travelers Insurance Company v. Linder, 368 S.W.2d 797 (Tex. Civ.App., Waco 1963), error ref., n. r. e.

■ Appellant testified that he was paid two weekly compensation payments of $35.00 each. Even if, in the absence of proof of wage rate, he should be entitled to compensation at the minimum rate of $9.00 per week for four weeks of total disability, he has been paid more than that amount. No issue was raised by the evidence on loss of earning capacity in the absence of evidence of wage rate at the time the injury was sustained. The trial court did not err in entering the take nothing judgment.

■ After this suit was filed, the Industrial Accident Board made an award based on a subsequent injury sustained by appellant while employed by a different company. An appeal from this award was perfected by amending the pleadings in this suit and by making another compensation carrier an additional defendant in this suit.

This pleading was filed a few days before the date on which this case was set for trial. Appellant filed a motion for continuance on the ground that the additional defendant had not filed an answer and that the time for such answer had not expired. The trial court denied the motion and severed the cause of action against the newly impleaded defendant.

The action of the trial court in denying the motion for continuance was not error. While Rule 251, Texas Rules of Civil Procedure, provides that no application for a continuance shall be heard before the defendant files his answer, this rule was not applicable once the motion for severance was granted. Appellant is in the inconsistent position of requesting a continuance and complaining because the court granted a hearing on his request.

The trial court is vested with great discretion in questions of joinder of parties and causes of action, and of severance of causes of action, and his action will not be disturbed in the absence of abuse of discretion. Here the refusal to sever would have resulted in delaying the trial. Without reaching the question of misjoinder of parties raised by appellee, it is our opinion that there was no abuse of discretion under the facts of this case. Parker v. Potts, 342 S.W.2d 634 (Tex.Civ.App., Ft. Worth 1961), error ref., n. r. e.; Wilson v. Ammann & Jordan, 163 S.W.2d 660 (Tex.Civ. App., Ft. Worth 1942), error dism.

Appellant also complains of the action of the trial court in refusing to delay the trial in order to allow him time to secure the attendance of a doctor as a witness. This action of the trial court is not preserved by bill of exception. The witness was not subpoenaed. There was no formal motion for delay or continuance and no request for permission to withdraw the announcement of ready. Appellant failed to show that he had been diligent in his effort to procure the doctor's testimony. Under these circumstances, error is not

presented. Hines v. Davison, 381 S.W.2d 360 (Tex.Civ.App., Waco 1964), no writ hist.; Texas Employers' Insurance Association v. Jackson, 366 S.W.2d 599 (Tex.Civ. App., Waco 1963), writ ref., n. r. e.

The judgment of the Trial Court is affirmed.