**Jack Y. GARRARD, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 7746.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 18, 1967.

Warren Burnett, Odessa, for appellant.

Underwood, Wilson, Sutton, Heare & Berry and Harlow Sprouse, Amarillo, for appellee.

DENTON, Chief Justice.

This is a workmen's compensation case. The jury found Garrard was totally and

permanently disabled and that another employee of the same class as the plaintiff had worked at least 210 days of the year immediately preceding plaintiff's injuries in the same or similar employment in the same or neighboring place, and found the average weekly wage rate earned by such employee was such as to entitle Garrard to the maximum compensation rate. The trial court sustained appellee's motion for judgment non obstante veredicto, and held there was no evidence to support the wage rate fixed by the jury and rendered judgment for the plaintiff for 401 weeks of compensation benefits at the statutory minimum of $9.00 per week.

Appellee pleaded it had paid Garrard the sum of $385.00 as compensation for the alleged injury and alleged such payment discharged it from any liability and in the alternative, sought credit for this amount. During the trial the parties entered into the following stipulation:

"It is stipulated by and between the parties, plaintiff and defendant, that the defendant has paid to the plaintiff prior to this date the sum of eleven weeks compensation at the rate of $35.00 a week and that such may be taken as a fact in the record without offering any evidence herein and credit any recovery by the plaintiff."

Appellant asserts that appellee has judicially admitted Garrard's right to recover maximum wage rate benefits by an inconsistent position by entering into the stipulation before the court. It is well settled that the amount paid by the insuror is not conclusive upon the insuror nor does it constitute a judicial admission. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991. Hartford Accident & Indemnity Co. v. Hale (Tex.Sup. Ct.) 400 S.W.2d 310. Travelers Insurance Co. v. Sides (Tex.Civ.App.) 403 S.W.2d 519 (Ref. N.R.E.). We therefore conclude the pleadings and stipulation do not constitute a judicial admission as to Garrard's wage rate.

Appellant next takes the position the trial court erred in holding there was no evidence to support the finding of the jury fixing the wage rate. The wage rate was submitted under Subsection (2) of Article 8309, Section 1, Vernon's Ann.Civ.St., that is, the average weekly wage rate of another employee who had done similar work in the same or neighboring place. It was uncontroverted Garrard had not worked substantially the whole of the year at his employment immediately prior to his injury. Witness Burch was the only witness offered to prove the wage rate under Subdivision (2). He testified in part:

"Q. All right. Now, were you working as a boilermaker in this area say the year before April 29, 1965? So this would make it that 365 days between the 29th of April of 1964.

"A. What is that date again?

"Q. 29th of April of 1964 and 29th of April of 1965.

"A. I was here most of the time.

"Q. Were you working as a boilermaker?

"A. Yes.

"Q. How much money would you make in a year as a boilermaker?

"A. Oh, I would say I would average around $7,500.00.

"Q. All right. Now, in that year that I asked you about, did you work as much as 210 days as a boilermaker?

"A. I average that every year.

"Q. Or more?

"A. Well, I don't know. I would average that much, because I go out more. I'm talking about average. What I mean by that is, you see, sometimes we work overtime, and we work long hours. I'm basing it on an average.

"Q. All right. Now, what were they paying an hour in that year around this part of the country?

"A. I believe it was $4.40 or $4.50. I'm not positive one way or the other.

\* \* \* \* \* \*

"Q. Well, all right. And that included quite a lot of overtime, did it not, during that year?

"A. Well, I don't remember. I don't recall. We worked some overtime, and I didn't work in this locality all of the time. I was in North Dakota and Minnesota some of that year.

"Q. Oh. Some of that year you weren't in this vicinity?

"A. Not all of the time. I was in this—I would say 60% of my work was in this vicinity.

\* \* \* \* \* \*

"Q. All right. And you actually don't know whether, so far as different days are concerned, you worked as much as 210 days out of that year in this locality, or not, do you?

"A. No. I don't think I did in this locality that particular year."

The burden of proof is upon the plaintiff claiming compensation to offer legal and competent evidence to establish an average weekly wage under one of the three Subsections under Article 8309, Section 1. Texas Employers Insurance Association v. Roberts, 135 Tex. 123, 139 S.W.2d 80. Young v. Universal Underwriters Insurance Co. (Tex.Civ.App.) 352 S.W.2d 784 (Ref. N.R.E.). Appellant has not discharged this burden. By Burch's own testimony, he had not worked 210 days immediately prior to the date of Garrard's injuries in the same or similar employment in the same or neighboring place. By his own admission, he worked in North Dakota and Minnesota part of that preceding year and he worked approximately 60% of the time in the Hutchinson County area, where Garrard was employed at the time he was injured. There was no other evidence presented which tended to establish Garrard's wage rate under Subsection 2 nor were special issues submitted or requested to establish the wage rate under the "just and fair" subsection. There was, therefore, no competent evidence from which the jury could have found a wage rate. Griffin v. Superior Insurance Co., 161 Tex. 195, 338 S.W.2d 415. Sonnier v. Texas Employers Insurance Association (Tex.Civ.App.), 417 S.W.2d 433 (N.W.H.). We conclude the trial court was correct in entering judgment in favor of appellant for compensation at the minimum rate under the statute of $9.00 per week for a period of 401 weeks. Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332.

In view of our holding, it is unnecessary to discuss or pass on appellant's motion to strike appellee's cross-assignments or to discuss the cross-assignments.

The judgment of the trial court is affirmed.