**Carsen W. NORWOOD, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 7350.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 22, 1972.

Rehearing Denied Dec. 28, 1972.

**454**

Waldman, Smallwood, Johnson & Rafes, Beaumont, Tex., for appellant.

Fuller, Fuller & McPherson, Port Arthur, Tex., for appellee.

STEPHENSON, Justice.

This is an action brought under the State Workmen's Compensation Law. Judgment non obstante veredicto was rendered for defendant. The parties will be referred to here for simplicity as plaintiff and defendant, even though the plaintiff died during the pendency of this suit and the administrator of his estate was substituted as a party.

The jury found plaintiff had sustained total and permanent disability as a result of the accidental injury he received. The problem in this case arose over the question of wage rate. Plaintiff had alleged, in the alternative, all three methods of computing his wage rate under the statute, as permitted by the law of this State. The issue submitted to the jury asked the jury to find whether another employee of the same class as plaintiff worked at least 210 days during the preceding year in the same or similar employment and in the same or a neighboring place. The jury answered in the affirmative, and then found the average daily wage of such other employee to be $26.16. Defendant's motion for judgment non obstante veredicto contained the single point that there was no evidence to support the jury's finding that another employee in the same class worked at least 210 days during the preceding year.

Plaintiff has a point of error on this appeal that there was evidence to support the jury's finding. There is a no evidence point under Rule 301. The court could grant defendant's motion only if the jury finding had no support in the evidence. In passing upon whether there is evidence to support the issue, we consider only the evidence favorable to the jury finding. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 193 (Tex.1966).

First, it was stipulated that plaintiff did not work at least 210 days during the year immediately preceding his injury here complained of. The date of this injury was March 28, 1969, and this case went to trial on July 26, 1971.

Plaintiff, by deposition, testified that he had been working for his employer about

fifteen or sixteen months before this accident and that his job classification with them was as a rigger. After describing his accident, he stated that a crane operator named Doug Coward witnessed his accident. All of the testimony as to another employee came from Douglas Coward, who testified as a witness for plaintiff. He testified during the trial that he was employed by the same employer. At the time of the trial, he was employed as a crane operator. He went to work for that employer on May 16, 1968 as a rigger. He made $3.27 per hour when he started to work. He worked with plaintiff, side by side, from time to time.

■ Defendant admits the evidence from Coward shows that he worked 220 days during the year immediately preceding the plaintiff's injury, but it argues that there is no evidence that Coward was a workman of the *same class* as plaintiff. The evidence supports that argument. According to all of this evidence, Coward went to work as a rigger on May 16, 1968, which was the first day of the 220 days he worked before the date of plaintiff's injury. Plaintiff then testified that Coward was a crane operator on the day of his injury, which was the last day of the 220 days Coward worked. Coward then testified that he was working as a crane operator at the time of the trial, July 26, 1971. The record is silent as to how many of the 220 days Coward worked as a rigger. Likewise, there is no evidence that the work of a *rigger* and a *crane operator* are the same or similar employment. The reason for providing this method of proof in a compensation case is to allow a plaintiff to recover even though the plaintiff had not worked substantially the whole of the year preceding his injury by showing how much another employee, doing the same work, had been paid. The proof in our case shows only that Coward was paid $3.27 per hour as a rigger when he first went to work. There is no evidence as to how much he was paid while working as a crane operator. It is apparent from this that the jury had no basis upon which it could have arrived at an average daily wage of another employee to be $26.16.

However, even though the trial court was correct in finding that there was no evidence to support the answer of the jury as to another employee, we do not agree with the disposition made of this case. The trial court should have entered judgment for plaintiff for the minimum rate of $9.00 per week as provided by Art. 8306, § 10, V.A.C.S. at the time this cause of action arose. Garrard v. Texas Employers Insurance Association, 423 S.W.2d 93, 95 (Tex.Civ.App., Amarillo, 1967, no writ) and Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332 (1939).

This case is reversed and remanded to the trial court with instructions to enter a judgment upon the verdict of the jury based upon $9.00 per week.

Reversed and remanded with instructions.

PER CURIAM.

On motion for rehearing, it was called to the attention of the Court that defendant's cross-points have not been passed upon. Such points were considered by the Court and overruled, but such action by inadvertence was not stated in this Court's opinion. Such cross-points and the motion for rehearing are overruled.