Rose F. MATHES, Individually and as Independent Executrix of the Estate of Bill Nabors, Appellant,

v.

Etta KELTON, Appellee.

No. 8839.

Court of Civil Appeals of Texas, Amarillo.

Dec. 29, 1977.

Rehearing Denied Jan. 30, 1978.

**80**

Jay U. Kirkman, Amarillo, for appellant.

Miller, Miller & Russell, Dee Miller, Amarillo, for appellee.

ROBINSON, Chief Justice.

Plaintiff Rose Mathes appeals from an adverse judgment giving defendant Etta Kelton recovery on a cross-action for a $6,000 promissory note secured by a diamond ring. Plaintiff has appealed from a judgment nunc pro tunc correcting a clerical error in the original judgment. Affirmed as modified.

Plaintiff Mathes filed suit to recover possession of certain furniture in the possession of defendant Kelton. Kelton cross-claimed on a $6,000 promissory note secured by a diamond ring, seeking foreclosure of her possessory lien on the ring. Trial was held without a jury and at the conclusion of the evidence, the Court announced judgment from the bench.

On December 3, 1976, the trial judge signed an order giving Kelton judgment on the note for $6,000, but stating that Mathes was entitled to immediate possession of the diamond ring. On December 13, 1976, the trial judge signed a second judgment which foreclosed Kelton's possessory lien on the diamond ring and awarded her possession of the ring. The second judgment did not vacate the first judgment. The following day, December 14, Kelton filed a motion to correct the December 3 judgment on the ground that it contained a mistake awarding Mathes possession of the diamond ring. After notice and hearing the judge signed a corrected judgment on February 11, 1977, which stated that the December 3, 1976, order did not truly reflect the rendition of the Court in that it "inadvertently awarded possession of the diamond ring to plaintiff" Mathes.

Plaintiff Mathes contends that the trial court erred in signing and having entered the second and third judgments.

■ There can be only one final judgment in a cause. Tex.R.Civ.P. 301. The December 13 judgment is a nullity because it does not vacate the December 3 judgment. See Quintanilla v. Seagraves Ford, Inc., 522 S.W.2d 274 (Tex.Civ.App.—Corpus Christi 1975, no writ). The trial judge apparently recognized that he had failed to vacate the first judgment and granted a hearing on the motion to correct judgment.

■ A trial court has plenary power over its judgments for 30 days after the judgment has been rendered or before a timely filed motion for new trial has been overruled. During this period, the trial court may on its own motion or on motion of any party vacate, modify, correct and reform such judgment or grant a new trial. Universal Underwriters Insurance Company v. Ferguson, 471 S.W.2d 28 (Tex.1971); Quintanilla v. Seagraves Ford, Inc., supra.

■ In the case before us the corrected judgment of February 11, 1977, was entered after the trial court's plenary power over its judgment had expired. However, a trial court may enter judgment nunc pro tunc to

correct mistakes in the record of any judgment or decree. Tex.R.Civ.P. 316. A nunc pro tunc judgment may only be employed to correct clerical errors in the entry of a previously rendered judgment. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970).

[I]f the judgment that the court actually renders at the time he renders judgment in the case is incorrectly recorded, such error is a clerical error, and the court has the power to correct his original decree, even after it has become final, by a nunc pro tunc decree in order to make the court records correctly show the judgment that was actually rendered.

*Shepherd v. Estate of Long*, 480 S.W.2d 51, 54 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.). Whether errors in the original judgment are clerical or judicial is a question of law. *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968).

At the hearing on the motion to correct judgment the trial judge stated that the December 3 judgment did not conform to his pronouncement from the bench at the conclusion of trial. He stated that he was interrupted in his pronouncement from the bench and that had he been allowed to finish, he would have said, "You're entitled to your ring back if you paid the $6,000." He further stated that he probably didn't read the draft of the December 3 judgment, which was presented to him by plaintiff's counsel, as closely as he should have.

■ Proof of a variance between the judgment announced and the judgment entered is not sufficient to justify correction by judgment nunc pro tunc. There must be a fact finding, based on evidence or the personal recollection of the judge that the variance was a clerical error rather than a judicial modification. *Kostura v. Kostura*, 469 S.W.2d 196 (Tex.Civ.App.—Dallas 1971, writ dism'd). In the case before us, the trial judge expressly stated that the variance between the December 3 judgment from his recollected pronouncement was not due to judicial modification. The judge stated at the hearing that he intended the same result at all times from the time of trial.

We conclude that the February 11 judgment corrected a clerical error and vacated the December 3 judgment. It properly ignored the December 13 purported judgment.

■ Next, after a consideration of all the evidence we overrule appellant's contention that there was insufficient evidence to show that the ring was security for the note. The face of the note shows a written notation that a ring secures the obligation. A requested admission that Mathes delivered one diamond ring to secure the payment of the note was deemed admitted by the Court.

Also, Mathes contends that the trial court erred in refusing to accept her tardy filing of answers to Request for Admissions. On October 6, 1976, counsel for Mathes received a registered letter containing Request for Admissions. Mathes did not respond until October 25. The trial court deemed the matters requested admitted.

■ A party has ten days after delivery in which to answer Requests for Admissions, or the matters requested shall be deemed admitted. Tex.R.Civ.P. 169. Rule 21a provides for three additional days where the postal service is involved. Therefore, Mathes had only until Thursday, October 21 to answer the Request for Admissions. In order to avoid the consequences of a failure to answer, a party must show legal or equitable excuses for his failure to answer. *Burnett v. Cory Corporation*, 352 S.W.2d 502 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.).

In the absence of a motion to permit a late filing of the answer, there can be no complaint of the action of the trial court in entering his order decreeing that the Request for Admissions of Relevant Facts be deemed answered affirmatively.

*Hill v. Caparino*, 370 S.W.2d 760 (Tex.Civ. App.—Houston 1963, no writ).

■ Under Rule 169 the trial court has a wide latitude in dealing with requests for admissions.

The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admissions where there is neither answer nor denial within the time specified in the request. The trial judge, under the Rule, also has broad discretion in refusing or granting a motion of the non-answering party to permit the filing of an answer or denial to the request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will be set aside only upon a showing of a clear abuse. *Meyer v. Tunks*, 360 S.W.2d 518 (Tex.Sup.1962); . . .

*Schindler v. Ag Aero Distributors, Inc.*, 502 S.W.2d 581, 584 (Tex.Civ.App.—Corpus Christi 1973, no writ).

 Plaintiff Mathes did not file a motion to permit late filing. We do not find that the trial court abused its discretion in ordering that the Request for Admissions be deemed admitted.

 Appellant also contends that the trial court's judgment of February 11, 1977 is erroneous because it fails to order a sale of the ring held as collateral. The failure of the trial court to order a sale may be corrected by this Court. Tex.R.Civ.P. 435. We conclude that judgment should be modified to order a sale of the ring. The secured party is required to look to the collateral in satisfaction of the judgment before other assets of the debtor may be reached. *Bailey v. Block*, 104 Tex. 101, 134 S.W. 323 (1911).

Accordingly, judgment of the trial court is modified to order a sale of the ring. As modified the judgment is affirmed.