TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

**J. T. MARSH, Appellee.**

No. 6706.

Court of Civil Appeals of Texas, El Paso.

May 24, 1978.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Ray Stoker, Jr., Odessa, for appellant.

Warren Burnett Associated, Ruff Ahders, Richard J. Clarkson, Odessa, for appellee.

## OPINION

OSBORN, Justice.

Under the decision in *Select Insurance Company v. Boucher*, 561 S.W.2d 474 (Tex. 1978), a compensation carrier is not entitled to submit special issues as to partial incapacity as inferential rebuttal issues, and, under our holding in this case, the verdict is not incomplete when those issues are submitted but left unanswered by the jury under instructions like those given in this case.

In this case, the claimant alleged that the accidental injuries which he received on February 18, 1976, while an employee of Automotive Proving Grounds, Inc., resulted "in total and permanent disability." The carrier responded with a general denial. There was no pleading of partial incapacity by either party. The jury's verdict was as follows:

| "JURY QUESTIONS | JURY'S ANSWERS |
| --- | --- |
| "1. Was the injury a producing cause of any total incapacity? (Answer 'Yes' or 'No') If it was, answer No. 1A and No. 1B | 1.   Yes |
| 1A. Find the beginning date of total incapacity. (By stating month, day, and year) | 1A.  Feb 18 1976 |
| 1B. Find the duration of total incapacity. (By answering 'Permanent' or by stating the ending date) | 1B.  Permanent |
| "2. Was the injury a producing cause of any partial incapacity? (Answer 'Yes' or 'No') | 2. |
| If it was, answer No. 2A., No. 2B, and No. 2C. | |
| 2A. Find the beginning date of partial incapacity. (By stating the month, day, and year) | 2A. |
| 2B. Find the duration of partial incapacity. (By answering 'Permanent' or by stating the ending date) | 2B. |
| 2C. Find Plaintiff's average weekly earning capacity during partial incapacity. (By stating in dollars and cents) | 2C.       " |

The Appellant presents one point of error urging that the trial Court erred in receiving an incomplete verdict, in discharging the jury, and in entering judgment on an incomplete verdict. The parties have stipulated that Appellant's counsel objected to the receiving of the verdict prior to the time the jury was discharged.

First, it must be noted that Rule 295, Tex.R.Civ.P., provides:

"If the verdict is informal or defective, the court may direct it to be reformed at the bar. If it is not responsive to the issue submitted, or contains conflicting findings, the court shall call the jury's attention thereto in writing and send them back for further deliberation."

Under the holdings in *Traders & General Ins. Co. v. Daniel*, 114 S.W.2d 336 (Tex.Civ. App.—El Paso 1938, no writ); *Traders & General Ins. Co. v. Patton*, 92 S.W.2d 1083 (Tex.Civ.App.—Amarillo 1936, writ dism'd); and *Texas Employers' Ins. Ass'n v. Horn*, 75 S.W.2d 301 (Tex.Civ.App.—Amarillo 1934, no writ), upon which Appellant relies, issues as to partial incapacity were material issues where total and permanent issues had been answered favorably to the claimant. In those cases, the Courts held that the verdict was incomplete and would not support a judgment for the workman when the partial incapacity issues were left unanswered.

In 1954, the Supreme Court of Texas in *Stone v. Texas Employers' Insurance Association*, 273 S.W.2d 59, considered many of the earlier cases which had held that "partial incapacity" is an affirmative defense to "total incapacity." While the earlier decisions were not actually overruled, the Court did analyze the issue raised by those holdings and said:

"The controlling issue in this case is whether or not the total incapacity is permanent or temporary. If permanent, the case is ended. If temporary, then the jury must proceed to determine the extent and duration of partial incapacity, if any. Human experience indicates that where there is temporary total incapacity resulting from trauma there will usually follow a period of partial disability. But

the jury might find to the contrary. Be that as it may, a plea of 'partial incapacity' is not a defense to 'permanent total incapacity.' The defense to that issue is that it is 'temporary'. * * * "

In the *Boucher* case, the Court held that where the claimant's sole theory of recovery was for total incapacity, issues relating to partial incapacity were inferential rebuttal issues which were prohibited by Rule 277, Tex.R.Civ.P. Thus, we conclude that the issues which remain unanswered should not have been submitted in this case. See *Texas Employers Insurance Association v. Loesch,* 538 S.W.2d 435 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.).

But since they were submitted without objection by either party, was the verdict incomplete when they were left unanswered and timely objection was made? We think not. The Court, in the Charge, instructed the jury as follows:

"You are instructed that a person cannot be in law totally incapacitated and also partially incapacitated at the same time. If a person is totally incapacitated to labor, he cannot be partially incapacitated to any extent for any period of time.[1] Stating it another way—meaning the same thing—if a person is partially incapacitated to any extent for any period of time, he cannot be totally incapacitated during the same period of time."

In concluding his Charge to the Jury, the trial Court said:

"When you have answered all of the foregoing special issues which you are required to answer under the instructions of the Judge, and your foreman has placed your answers in the spaces provided and signed the verdict as foreman, you will advise the bailiff at the door of the jury room that you have reached a verdict, and then you will return into Court with your verdict."

Thus, it would appear that having decided that the claimant sustained total and permanent incapacity, and having been instructed that if a person was totally inca-

pacitated, he could not be partially incapacitated at the same time, the jury logically concluded that they had answered "all of the foregoing special issues which you are required to answer under the instructions of the Judge," and, following the last instruction given to them, had the foreman sign and return their verdict.

There are no conflicts in the jury findings, there was no indication of a hung jury on the unanswered issues, and we believe the verdict, as returned by the jury, is in accordance with the instructions given by the trial Court. *Herrera v. Balmorhea Feeders, Inc.,* 539 S.W.2d 84 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). The Appellant's point of error is overruled.

The judgment of the trial Court is affirmed.

PRESLAR, Chief Justice, dissenting.

The writer agrees with the result reached in this case, but is unable to agree with a reason for it as set out in the opening statement of the majority opinion that "Under the decision in *Select Insurance Company v. Boucher,* 561 S.W.2d 474 (Tex. 1978), a compensation carrier is not entitled to submit special issues as to partial incapacity as inferential rebuttal issues * *." That statement should not form a basis for deciding this case, nor should it stand as a blanket proposition of law applicable to all cases. I do not read *Select* as abolishing the issues of partial incapacity in every case in which there are issues of total incapacity. I read *Select* as being limited to the facts and situation of that case. The Court so states:

"* * * *Under the circumstances of the instant case,* the issues relating to partial incapacity were inferential rebuttal issues which are prohibited by Rule 277. * * *" (Emphasis added)

At another point in its opinion, the Court was careful to note the limitation of its holding when it said:

person is totally incapacitated to labor, he cannot be partially incapacitated to any extent *during the same period of time.*

[1] This instruction is clearly erroneous, but there was no objection to the Charge. The instruction should have told the jury that if a

"We hold, *under the posture of the instant case,* that the defensive issue of partial incapacity is an inferential rebuttal issue * * *." (Emphasis added)

I would not decide this case on the basis that the partial disability issue should not have been submitted in the first place. It was not pled by the insurer, but it was apparently tried by consent, for the issue was submitted without objection. Aside from all the philosophical discussions of whether issues are "inferential rebuttal" or "defensive," a trial is a search for the truth. If the truth is that the disability is partial, there should be a method of determining that, even though there is a claim of total incapacity. The all-or-nothing approach would be bad public policy—bad for the workman who is in fact partially disabled. Insurers should be encouraged to admit partial incapacity where it exists and thus plead it and get a determination of it by the jury. As noted by the majority, the Supreme Court has not overruled cases which held that "partial incapacity" is an affirmative defense to "total incapacity." I do not read the *Select* case as a holding that the claimant can deprive the insurer of his defense that the disability is only partial by simply pleading for total disability. I would not apply the holding in *Select* to this case.