**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**E. V. LEE, Appellee.**

**No. 5110.**

Court of Civil Appeals of Texas, Eastland.

Aug. 10, 1978.

Rehearing Denied Sept. 7, 1978.

Robert D. Batjer, Jr., Wagstaff, Harrell, Pope, Alvis, Dickenson & Erwin, Abilene, for appellant.

Aubrey L. Roberts, Jr., Mays, Moore, Dickson & Roberts, Inc., Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is a workmen's compensation case. Trial before a jury resulted in a judgment awarding E. V. Lee total and permanent benefits against Texas General Indemnity Company. Texas General appeals. We reverse and remand.

This case was the result of an alleged back injury sustained by Lee in the course of his employment by Chemical Express Carriers, Inc., on December 26, 1973. On October 1, 1975, Lee sustained a second injury to his back while employed by the same employer. He filed two workmen's compensation claims seeking recovery in each instance for total and permanent incapacity. Trial concerning the injury of October 1, 1975, was first held and resulted in a recovery of benefits by Lee for total and permanent incapacity to be paid in a lump sum.

In the instant case, the jury found Lee sustained an injury in the course of his employment on December 26, 1973, that produced total and permanent incapacity which began on December 26, 1973. Issues regarding partial incapacity were not conditionally submitted and were not answered by the jury. Texas General's timely request that the jury be instructed to retire again to fully answer the charge was denied. Judgment authorizing lump sum payment for total and permanent benefits was entered.

We overrule appellant's contention that the court erred in refusing its request that the jury be instructed to continue its deliberations until the issues regarding partial incapacity were answered.

In *Select Insurance Company v. Boucher*, 561 S.W.2d 474 (Tex.1978), the court held a compensation carrier is not entitled to submit special issues as to partial incapacity as inferential rebuttal issues. The court in *Texas Employers' Insurance Association v. Marsh*, 567 S.W.2d 832 (Tex.Civ.App.—El Paso, May 24, 1978), (not yet reported), held under the instruction given in the case, the verdict was not incomplete when the partial incapacity issues were submitted but left unanswered.

The court in the instant case instructed the jury:

"'PARTIAL INCAPACITY' means any degree of incapacity less than total incapacity, whereby a person suffers a reduction in earning capacity. A person cannot have both total and partial incapacity at the same time."

"Answer only the questions which you are specifically instructed to answer."

The jury decided Lee sustained total and permanent incapacity. Following the instructions by the court, the jury logically concluded that they had answered "only the questions which you are specifically instructed to answer."

The verdict returned by the jury was neither incomplete nor conflicting. The court properly denied appellant's request for continued deliberations by the jury.

Next, Texas General says the court erred in deeming admitted Lee's request for admission that "circumstances exist in this case which will entitle the claimant to recover his/her compensation in a lump sum rather than by the week . . . ." We agree.

■ The purpose of Rule 169, T.R.C.P., was to avoid the necessity of proving facts which are not controverted and which are peculiarly within the knowledge of or readily ascertainable to a party litigant of whom admissions are requested. *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company*, 490 S.W.2d 818 (Tex.1972); *Montgomery v. Gibbens*, 245 S.W.2d 311 (Tex.Civ.App.—Eastland 1951, no writ).

■ The rule contemplates that unanswered requests for admission which were not requests for relevant matters of fact but called for conclusions, opinions, and statements of subjective intent should not be deemed admitted facts. *White v. Watkins*, 385 S.W.2d 267 (Tex.Civ.App.—Waco 1964, no writ); *Hester v. Weaver*, 252 S.W.2d 214 (Tex.Civ.App.—Eastland 1952, writ ref'd); *Gore v. Cunningham*, 297 S.W.2d 287 (Tex.Civ.App.—Beaumont 1956, writ ref. n. r. e.).

■ Lee's request seeks more than relevant matters of fact and the court erred in deeming same admitted. However, such error would effect only the method of payment of the compensation benefits.

Texas General argues Lee was barred by the doctrine of judicial estoppel from recovering workmen's compensation benefits for total and permanent incapacity in the instant case because of his testimony in the first case tried that his total and permanent incapacity resulted from the injury sustained on October 1, 1975.

■ Based on the decision in *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956),

judicial estoppel in Texas is stated to be: "A party who has made a sworn statement in the course of judicial proceedings may not be heard afterward to maintain a contrary position in the absence of proof that the averment was made inadvertently, or by mistake, fraud, or duress." 22 Tex. Jur.2d, Estoppel § 18 (1961).

Appellee contends the doctrine of judicial estoppel has no application in the instant case because no statement by him had been shown to be inconsistent with any statement or testimony given by him in a judicial proceeding. We disagree.

Appellee testified during the first trial founded on his alleged second injury of October 1, 1975, as follows:

"Q Mr. Lee, do you date the occurrence of your present difficulties, in total—I am sure that there were some accidents prior to October 1st—but from that date, the injury you have told us about on October the 1st, 1975?

A Do what, sir?

Q You date your difficulties, the total difficulty and disability and incapacity you have now, as starting from that date, as far as the severity that it is now?

A Yes, sir.

Q From that occurrence?

A Yes sir.

Q So to that extent, for here in Sweetwater, as far as you can look so far, and taking that meaning, you feel you are totally incapacitated right now?

A Yes, sir.

Q And as far as you know right now, you are afraid that won't change?

A No, Sir.

Q Am I stating that correctly? You are afraid it is going to be a permanent situation if you stay here in Sweetwater?

A Yes, sir.

Q Okay. Do you attribute that condition to this accident that you have described as having occurred on October the 1st, 1975?

A Yes, sir, I do.

Q All right. Do you attribute it in any way, this condition we have talked about, to the injury that you had while at work back in December of 1973, or do you think it is a 1975 deal?

A No, sir. I believe it was the '75 that done the damage."

The trial court erred in excluding this testimony given by appellee at the first trial.

 Appellee by such testimony unequivocally dates his permanent incapacity from the October 1, 1975, injury. The position taken is inconsistent with his position in the instant case and there is no proof that the statements were made inadvertently or by mistake, fraud or duress. The doctrine of judicial estoppel applies. *Long v. Knox, supra, American Savings & Loan Association of Houston v. Musick*, 517 S.W.2d 627 (Tex.Civ.App.—Houston (14th Dist.) 1974), 531 S.W.2d 581; *Van Deusen v. Connecticut General Life Insurance Company*, 514 S.W.2d 951 (Tex.Civ.App.—Fort Worth 1974, no writ); *Yarber v. Pennell*, 443 S.W.2d 382 (Tex.Civ.App.—Dallas 1969, ref. n. r. e.); *Gibson v. Johnson*, 414 S.W.2d 235 (Tex.Civ.App.—Tyler 1967, ref. n. r. e.); 390 U.S. 946, 88 S.Ct. 1032, 19 L.Ed.2d 1135.

 Our holding as to the point of error just discussed makes it unnecessary to consider appellant's other points. The error of the trial court requires reversal of the cause. Appellee's position taken in the first trial concerning the permanency of his incapacity estops him from claiming permanent incapacity as a result of his first injury, but such position would not estop him from contending that he suffered temporary incapacity as a result of the first injury. Because the cause has not been fully developed and in the interest of justice same will be remanded. *United States Fire Insurance Company v. Carter*, 473 S.W.2d 2 (Tex. 1971).

The judgment is reversed and the cause remanded.