E. V. LEE, Petitioner,

v.

TEXAS GENERAL INDEMNITY
COMPANY, Respondent.

No. B–7997.

Supreme Court of Texas.

June 6, 1979.

Rehearing Denied June 6, 1979.

Moore, Dickson, Roberts & Hall, Aubrey L. Roberts, Jr., Sweetwater, for petitioner.

Wagstaff, Harrell, Pope, Alvis, Dickenson & Erwin, Robert D. Batjer, Jr., Abilene, for respondent.

PER CURIAM.

ON MOTION FOR REHEARING

This is an appeal from a judgment awarding total and permanent worker's compensation benefits to Petitioner E. V. Lee for a back injury he sustained in December 1973 while employed by Chemical Express Carrier Company. The Court of Civil Appeals has reversed and remanded. 570 S.W.2d 231.

Prior to this suit, Mr. Lee had received a judgment for another back injury in October 1975, almost two years after the injury involved in the instant case. At the former trial he testified under oath that the 1975 injury was the sole cause of his incapacity. The Court of Civil Appeals held that this prior testimony was inconsistent with Mr. Lee's position in the instant case, and therefore he was estopped from recovering two concurrent total and permanent incapacity awards.

We refused the writ, no reversible error, in the case at bar involving the 1973 injury on November 22, 1978, and in so doing approved the reversal and remand of the case because the prior testimony was improperly excluded by the trial court. The written pleadings raised the defense of sole cause and thus supported the introduction of this evidence. See *Mayfield v. Employers Reinsurance Corporation,* 539 S.W.2d 398 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). The court's charge to the jury included in the definition of "producing cause" the instruction that: ". . . there can

be only one sole cause. If any injury or condition was the sole cause of an incapacity then no other injury or condition could have been the producing cause."

 In overruling the motion for rehearing, we disapprove the language of the Court of Civil Appeals which states that Lee's evidence in the first trial that the 1975 injury produced his total and permanent incapacity estops him from claiming permanent incapacity as a result of his first injury. Under 1971 Tex.Gen.Laws, Ch. 316, § 12c, at 1257, which was the applicable law in 1973, a claimant could recover upon the basis of more than one claim for total and permanent incapacity. For this reason we also disapprove the instruction by the Court of Civil Appeals that upon remand, the retrial should be limited to the determination of any temporary incapacity that Lee suffered.

Since our refusal of the writ no reversible error was based on the admissibility of the proffered testimony as relevant to the sole cause defense, there is no inconsistency between our orders in this case and our refusal today, of the writ no reversible error in *Liberty Mutual Ins. Co. v. Graves,* Tex.Civ. App., 573 S.W.2d 249, in which the defense of sole cause was not raised.

The motion is overruled.