**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Gary James BRAGG, Appellee.**

No. 13–83–163–CV.

Court of Appeals of Texas, Corpus Christi.

March 29, 1984.

Rehearing Denied April 19, 1984.

Douglas E. Chaves, Kleberg, Dyer, Redford & Weil, Attys. at Law, Corpus Christi, for appellant.

Russell H. McMains, Atty. at Law, Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and YOUNG, JJ.

## OPINION

UTTER, Justice.

This is a worker's compensation case in which, after a jury trial, appellee recovered a judgment for temporary total incapacity and permanent partial incapacity against appellant. The issues presented on appeal are: (1) the sufficiency of the evidence to support the submission and/or the jury finding that appellee was a "210 day employee" for purposes of calculating "average weekly wages"; (2) whether the trial court erred in striking appellant's late answers to appellee's request for admissions and in deeming appellee's request for admissions admitted; and, (3) whether the trial court erred in awarding lump sum benefits to appellee where allegedly there was no evidence or insufficient evidence to establish manifest hardship. We affirm the judgment of the trial court.

Appellee sought worker's compensation for injuries allegedly sustained on July 29, 1980, while he was working for Pool Well Servicing Company. After a jury trial, appellee recovered a judgment for temporary total incapacity and permanent partial incapacity against appellant based upon the jury findings. Appellant does not chal-

lenge the sufficiency of the evidence to support the jury's findings as to the extent and duration of incapacity.

In his first two points of error, appellant asserts that the trial court erred in submitting Special Issue No. 5, which inquired as to the status of appellee being a "210 day employee" for the reason that there is no evidence or insufficient evidence to support an affirmative finding to Special Issue No. 5. The thrust of appellant's argument is that, even though the evidence shows that appellee worked for two different employers for 210 days in the year preceding his injury, there was no evidence or insufficient evidence to show that he worked in the same employment for the two different employers for 210 days in the year preceding his injury.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

■ The burden of proof is upon the plaintiff claiming worker's compensation to offer legal and competent evidence to establish his average weekly wages. *Garcia v. Aetna Casualty & Surety Company*, 542 S.W.2d 477 (Tex.Civ.App.—Tyler 1976, no writ); *Garrard v. Texas Employers' Insurance Association*, 423 S.W.2d 93 (Tex.Civ.App.—Amarillo 1967, no writ). In this case, the applicable provision of TEX. REV.CIV.STAT.ANN. art. 8309 § 1 (Vernon 1967) defining "average weekly wages" is as follows:

(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, for at least two hundred ten (210) days of the year immediately preceding the injury, his average weekly wage shall consist

of three hundred (300) times the average daily wage or salary which he shall have earned during the days that he actually worked in such year, divided by fifty-two (52).

At trial, appellee testified that he had been doing general labor work in oilfields for most of his adult life. Appellee testified that, on or about July 29, 1980, he was injured while working for Pool Well Servicing Company as a floorhand. Appellee further testified that, during the 365 days preceding his injury on July 29, 1980, he worked as many as 210 days either for that same employer, Pool Well Servicing, or for another employer, Circle M Well Service Company, doing the same or similar work which he was doing on July 29, 1980, the date on which he was injured. Appellee also testified that, during his employment with Circle M Well Service, he was employed as an operator. Appellee further testified that he had been a crew worker when he worked for his prior employer, Circle M Well Service, and, in an answered interrogatory which was read to the jury, appellant classified appellee as a crew worker with Pool Well Servicing at the time of his injury.

Appellant's only witness, Eddie Digby, the operator or foreman of the oilfield crew for Pool Well Servicing on which appellee worked at the time of his injury, testified that appellee held the position of floorhand on that crew. Digby gave the following testimony which confirmed that there was no real distinctions among the different crew positions held by crew workers who work on the oil rigs since they all work together as a team:

Q: Okay, now I take it that each one of those positions is a different job and job duties, every one has a different job, is that correct?

A: Well, yes, sir, but we don't use it that way. We just all work together as a team.

Q: Yes, sir.

A: More or less.

Q: Okay, and ya'll work just like one crew unit out in a particular well site?

A: Yes, sir.

■ We note that *Texas Employers' Insurance Association v. Hacker*, 448 S.W.2d 234 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.) is factually similar to the instant case. In *Hacker*, the defendant alleged that there was no competent evidence or insufficient evidence to support the jury's finding that the plaintiff worked in the same employment for the same or another employer for at least 210 days during the year immediately preceding the date of plaintiff's injury (pursuant to Art. 8309 § 1(1)). The Fort Worth Court of Appeals in *Hacker* stated:

The record showed that for two different employers the plaintiff had worked a total of more than 210 days during the year immediately preceding the time he was hurt. The plaintiff and other witnesses testified in detail as to the nature of the businesses of the two employers and as to the various duties of the job plaintiff did for each employer. We believe that within the meaning of the Workmen's Compensation Law the jury was justified in answering Special Issue No. 15 as it did and that there was sufficient evidence to support the jury's answer to the issue. *Hacker* at p. 236.

Likewise, in the instant case, we hold that there was sufficient evidence to support the submission of and/or the jury finding to Special Issue No. 5. Appellant's first two points of error are overruled.

In its third point of error, appellant asserts that the trial court abused its discretion in not granting appellant's motion for leave to file late answers to appellee's request for admissions and deeming such requests for admissions as admitted.

Prior to the case actually being set for trial, appellee filed and served certain requests for admissions and interrogatories on April 21, 1982. The requests specified that they were to be answered not later than 30 days after service thereof. The case was originally set for trial on May 24, 1982, but the case was passed by agreement contingent upon the setting of this

case for trial for any available week in July, 1982. The case would have been reached for trial during the week of July 26, 1982, but for the grant of a continuance to appellant on the Sunday prior to trial. At that time, more than ninety days after the initial filing and service of the request for admissions, no answers had been filed by appellant. On July 28, 1982, after having obtained its continuance, appellant filed both its amended answer and its answers to appellee's request for admissions and interrogatories without leave of court. On August 2, 1982, appellee filed his motion to strike appellant's untimely answers and to deem such answers admitted. After a hearing which was held on August 17, 1982, the trial court entered its order striking appellant's untimely filed answers and deeming appellee's request for admissions admitted. No motions for relief from the trial court's order were made by appellant for approximately five months until the day of trial, January 17, 1983. At that time, appellant filed its motion for leave to file its answers to request for admissions and to set aside the previous order of the trial court admitting such requests. Appellant's motion was overruled.

In its motion for leave to file answers to request for admissions and to set aside order deeming the requests for admissions to be admitted, appellant set out the following reasons for the granting of such motion: (1) that, at the time appellant filed its untimely answers to appellee's request for admissions on July 28, 1982, there was no motion to compel, no motion to deem the requests for admissions admitted and no motions for sanctions of any kind before the trial court; (2) that appellee was always aware of appellant's position from the inception of the lawsuit; (3) that appellant's counsel had numerous conflicting trial settings which necessitated his attention; and, (4) that appellant's counsel had personal events which necessitated his being away from his practice.

TEX.R.CIV.P. 169, in pertinent part, provides:

Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after delivery thereof or within such further time as the court may allow a motion and notice, the party to whom the request is directed, delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he can not truthfully either admit or deny those matters.

The trial court has broad discretion in refusing or granting a motion of the non-answering party to permit the filing of an answer or denial to a request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will be set aside only upon a showing of a clear abuse. *Meyer v. Tunks*, 360 S.W.2d 518 (Tex.1962); *Mathes v. Kelton*, 565 S.W.2d 78 (Tex.Civ.App.—Amarillo 1977, affirmed on other grounds 569 S.W.2d 876 (Tex.1978); *Schindler v. AG Aero Distributors, Inc.*, 502 S.W.2d 581 (Tex.Civ.App.—Corpus Christi 1973, no writ). In order to avoid the consequences of a failure to answer, the party must show legal or equitable excuses for his failure to answer. *Mathes* at p. 81; *Burnett v. Cory Corp.*, 352 S.W.2d 502 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). In the absence of a motion to permit a late filing of an answer, there can be no complaint of the action of the trial court in entering its order decreeing that the request for admissions be deemed admitted. *Mathes* at p. 81; *Hill v. Caparino*, 370 S.W.2d 760 (Tex. Civ.App.—Houston 1963, no writ). No motion to deem unanswered requests for admissions admitted must be filed. *Packer v. First Texas Savings Association of Dallas*, 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). Furthermore, in *Elkins v. Jones*, 613 S.W.2d 533 (Tex. Civ.App.—Austin 1981, no writ), the Austin Court of Appeals held:

When appellant did not answer the request for admissions or move for more time to answer, they were deemed admitted by operation of Rule 169. This is so whether or not the district court signed an order deeming the request admitted. *Elkins* at p. 534.

*See also Agristor Credit Corp. v. Donahoe,* 568 S.W.2d 422 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).

■ In its appellate brief, appellant cites several cases espousing policy considerations in support of its contention that the trial court abused its discretion. Appellant especially cites *Bynum v. Shatto,* 514 S.W.2d 808 (Tex.Civ.App.—Corpus Christi 1974, no writ) wherein our Court held that the answers to request for admissions were properly allowed to be filed beyond the time limits of TEX.R.CIV.P. 169. However, a reading of that case discloses that the answers were filed by the defendant within 14 days after service of the requests which was substantially less than the 90 days in the instant case. The general policy considerations set forth in *Bynum* and other authorities cited by appellant do not overcome appellant's failure to timely comply with the requirements of our Texas Rules of Civil Procedure. Appellant failed to file timely answers and failed to file a motion to permit late filing of answers until the day of trial. We hold that the trial court did not abuse its discretion in striking appellant's untimely filed answers and deeming appellant's answers to appellee's request for admissions admitted. Appellant's third point of error is overruled.

■ In its fourth point of error, appellant asserts that the trial court erred in entering a judgment awarding lump sum benefits to the plaintiff because there was no evidence or insufficient evidence to establish manifest hardship. The basis for appellant's argument is that the trial court should not have deemed admitted appellee's Request for Admission No. 31 which required appellant to either admit or deny "that plaintiff is entitled to payment of any compensation due him in a lump sum." Appellant claims that the request for admissions regarding appellee's entitlement to lump sum payment is an impermissible request for admissions because it was not a request for a relevant fact but called for a conclusion of law, opinion or a statement of subjective intent. In support of his claim, appellant cites *Texas General Indemnity Co. v. Lee,* 570 S.W.2d 231 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e., motion for rehearing denied 584 S.W.2d 700 (Tex. 1979)). The Eastland Court of Appeals in *Lee,* in reversing the case on other grounds, stated in its opinion that the trial court erred in deeming admitted a request for admission concerning the claimant's entitlement to a lump sum payment.

However, in *Texas Employers Insurance Association v. Fuentes,* 597 S.W.2d 811 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.), the same Court held that requests for admissions, which included (1) that "Fuentes suffered total incapacity to work 'for some period of time' and (2) that the injury involved in this lawsuit was 'a producing cause' of such total incapacity to work," were proper requests for relevant matters of fact. We fail to see distinctions among admissions of temporary total incapacity, producing cause and entitlement to a lump sum payment. All three are facts which the plaintiff must prove. All three are material to the plaintiff's cause of action if he seeks a recovery thereon. All three rely upon expert or lay opinion evidence. If not admitted, deemed admitted, or stipulated, all three issues are properly submitted to the jury for its determination. We hold that appellee's request for admission regarding his entitlement to a lump sum payment was a proper request for an admission of fact under TEX.R.CIV.P. 169 and that the trial court did not err in awarding lump sum payment after deeming such fact admitted. Appellant's fourth point of error is overruled.

Judgment of the trial court is AFFIRMED.