**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Henry G. CADY, Appellee.**

No. 13901.

Court of Civil Appeals of Texas.

San Antonio.

March 28, 1962.

Lewright, Dyer & Redford, Corpus Christi, John H. Flinn, Sinton, for appellant.

John N. Barnhart, Houston, W. B. Moss, Sinton, for appellee.

POPE, Justice.

This is a workman's compensation case. Judgment was rendered in favor of Henry G. Cady for total and permanent disability. Though appellant's points are restricted, the briefs meet upon two issues: (1) Are the findings of total and permanent disability supported by any evidence? (2) Are the findings so against the great weight of the evidence as to be manifestly unjust? In our opinion, the judgment must be reversed for the second reason.

Cady, an oil field roughneck, was injured in January, 1960, when he was struck by a heavy fishing tool which was swinging on a catline in the derrick of an oil rig. Cady sustained a fractured wrist and a back injury. Nine weeks later, Cady returned to work. The court correctly instructed the jury that

> "By the term 'TOTAL INCAPACITY,' * * * is not implied an absolute inability to perform any kind of work but is meant an incapacity which disables the employee from performing

the usual tasks of a workman to the extent that he can obtain and retain employment."

We are aware of the rule that one may be totally and permanently incapacitated although he works and receives wages. Chief Justice Massey has collected the many cases which so hold. Trinity Universal Ins. Co. v. Scott, Tex.Civ.App., 342 S.W.2d 348, 350. Nevertheless, the proof after viewing all of it, can be so overwhelmingly against the finding that it is the court's duty to order a new trial. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. While we do not say, as a matter of law, that Cady was not totally and permanently disabled; we do say that, as a matter of fact from all this record, he was not. We shall review the important facts.

Evidence which tends to support the verdict is that Cady before his injury was engaged in heavy oil field work, but since the accident he says he is unable to carry a hundred-pound sack, that his back hurts, he lost one job, he worked at several jobs only because he "had to be able to work," meaning that he had to support his family, and that he was "run off" one job. His wife testified that he could not lift furniture, play with the children, mow the grass, or bend over. The most favorable testimony from plaintiff's own medical witness, was that he had a muscle spasm, that the nerve roots on the right side of his back are damaged, that there is a tearing of the tissue, irritation of the root canal at the nerve root end, damage to the soft tissue; that Cady has a persistent back strain, and that there is probably some scar tissue which impinges on a nerve. Cady explained that he was able to work as a roughneck during this period only because his friends and fellow employees "carried" him and did the hard lifting.

The record, on the other hand, shows that Cady returned to work nine weeks after his injury. He testified that he has worked about as "steady since the accident" as he worked the year before. Pertinent to his

capacity to perform the usual tasks of a workman and his capacity to obtain and retain employment is an almost uninterrupted history of successful employment as a roughneck, from the time he returned to work to the time of trial. He first worked a month for Burns Drilling Company and quit when the rig was shut down. He then worked for Storm Drilling Company for a month, until that rig was shut down. Then he worked for the same company in Galveston a week, and quit because he was lonesome for his family. He then worked for Billbow and Redding for six weeks and the "tool pusher run me off." He then worked for Camden Drilling Company for two weeks and quit because he did not like Mr. Camden. He next worked for Bayou Drilling Company for a month, until the job played out. There was then an interval during which he could not find a rig working. He then worked for Storm Drilling Company again for a month, and worked on another rig for that Company at Hebbronville for eight or nine weeks. He then moved to another rig of the same Company, worked a week and quit because he disliked driving from Rockport to Aransas Pass. He took a job with Conroe Drilling Company for three weeks, until the job terminated.

Appellee worked as a shrimper for his father for another three weeks. While working as a roughneck during 1960, he would work fifty-six hours a week. During that year he obtained and held ten different jobs working as a roughneck. He was turned down for no job and held them until the work stopped, except in one instance when he was "run off," and other times when he quit for personal reasons other than his health. During this period of time, he made application for unemployment compensation, swore that he was able to work, and drew three weeks compensation. In February, 1961, he passed a physical examination as a roughneck with Stewart and Gouger Drilling Company, went to work for that Company, and continuously worked fifty-six hours a week during the

rest of February, March, April, and May, and took off for his trial, after which he stated he would return to work doing the same thing he had done before his injury. He drew the same wages after injury as he did before.

Cady has never received any treatment for his back. If he was totally incapacitated, his own physician was unwilling to say so. The most that he would say was that Cady suffered a fifty per cent partial permanent incapacity to do work involving heavy lifting. We do not view this case as one in which Cady worked under the spur of necessity despite his lack of capacity. During the interval between the injury and trial, Cady himself swore to his capacity to work as a roughneck, his doctor refused to support the claim of total and permanent incapacity, and his work record is not that of a person who is totally incapacitated.

Because the findings are against the great weight of the evidence, the judgment is reversed and the cause remanded for another trial.