The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Robert L. LINDER, Appellee.

No. 5577.

Court of Civil Appeals of Texas.

Waco.

March 13, 1963.

Rehearing Denied May 1, 1963.

Second Motion and Amended Second Motion for Rehearing Denied June 19, 1963.

**798**

Turpin, Kerr, Smith & Dyer, Thornton Hardie, Jr., Max N. Osborn, Midland, for appellant.

Warren Burnett, Lee Arnett, Odessa, for appellee.

FRASER, Justice.

This is an appeal from a judgment awarding maximum benefits under the Workmen's Compensation Law of this State for total and permanent incapacity from injuries received while working as a roughneck on February 23, 1960.

Issue No. 3 inquired whether or not appellee's total incapacity was permanent. Appellant presented four points of error, all directed at this issue. Points 2 and 4 alleged that there was no evidence to authorize either the submission of the issue or to support the jury's affirmative answer thereto. Appellant's Points 1 and 3 allege that there was insufficient evidence to justify the court's submission of said issue, or to support the jury's affirmative answer thereto.

It appears from the record that there were only two witnesses who testified before the trial court. These two witnesses were appellee and his wife. The statement of facts does not show any other testimony from anyone. In other words, we have here a record with no medical testimony. We have carefully reviewed the evidence and record of this case and have reached the conclusion that appellant's Points 1 and 3 must be sustained. Taking all of the evidence or testimony produced from plaintiff-appellee and his wife, and giving such testimony its most favorable and elastic construction, it does, in our opinion, fall short of warranting the submission of Issue No. 3 and of sustaining the jury's answer thereto. Plaintiff and his wife testified as to the pain he had suffered; the doctors with whom he had consulted; the hospitals in which he had been confined; the treatments he had taken and was still taking; the pain he had suffered and was still suffering; the difficulty in working that he was encountering and the necessity of continued medication for pain; but nowhere does he, nor does his wife, say that he or she believes this condition to be permanent. Of course if they did make such a statement, such would come close to speculation or conclusion because of its non-medical or non-expert source. As we have just noted, there is a total absence in the record of any medical testimony, x-rays, hospital records, etc.; nor is there anything in the record to negative the possibility that surgery might either cure or alleviate the pain, discomfort or disability. For these reasons we must therefore hold that appellant's Points 1 and 3 are well taken, and that there was insufficient evidence to warrant the submission of Issue No. 3 and to support the affirmative answer thereto by the jury, which of course was in plaintiff's favor. Indemnity Insur. Co. of North America v. Cady, 356 S.W.2d 323 (Tex.Civ.App., 1962, no writ noted).

Appellant also urges, in Points 2 and 4, that there is no evidence to support the submission of and the answer to Issue No. 3, but we are not inclined to make such holding on the basis of the record before us, and therefore overrule these two points.

We do not cite other authorities, as the matters discussed here have been so long and clearly decided that they are elementary, and our finding is, of course, one of fact—to-wit, the insufficiency of the evidence.

Appellant's Points 1 and 3 are therefore sustained, and the decision of the trial court is reversed and the cause remanded for new trial.

## ON MOTION FOR REHEARING

In this particular matter the appellee has filed a very comprehensive and vigorous brief on motion for rehearing, and while our opinion is the same, we do feel that we should write on this motion.

In our original opinion we felt it necessary to reverse the trial court and remand this case for another trial. It is apparent from appellee's brief, and we agree, that Mr. Linder, the appellee herein, was undoubtedly under a strong compulsion to work whenever possible because of the illness and attendant medical expenses of his little daughter, who was suffering from cancer. It is clear that in this case the "spur of necessity" does exist. But we must still maintain our position that there is no statement by anyone that, in his or her opinion, Mr. Linder is permanently injured.

Appellee calls our attention to our mention of the lack of medical testimony and also correctly states the law relative to the tender of surgery. We believe our opinion is clear in that we do not believe the lower court had enough evidence before it to submit the issues in question and that, correspondingly, there was insufficient evidence to warrant the jury's finding such issues favorable to appellee. We mentioned the lack of medical testimony merely as an item indicative of the dearth of testimony. We also mentioned that the possible effects of surgery had not been negatived. Appellee states in his brief as follows (we cannot cite the page as they are not numbered, but this quotation is at the bottom of the fourth page):

> "From May 12, 1960, until approximately the middle of August, Linder was under the regular care of the Midland 'bone specialists', who, at the time of his discharge from the hospital, had prescribed a back brace for him; they have not, by the way, suggested he discontinue its use, nor has any of the several doctors seeing him."

We repeat, none of these doctors testified, nor are there any records from any of these hospitals. Therefore, whatever the doctors said or however they might feel about this back brace or its curative effects or the inability of the brace to cure, must remain in the realm of speculation based only on Mr. and Mrs. Linder's testimony that he was not getting any better. There isn't even any testimony that this was the right kind of a brace. Also, appellee in his brief makes this statement:

> "Of all the doctors treating him, the record does not reflect that any of them ever told him that he could, or would, be able to go back to work."

This is true, of course, but it is equally true that the record does not reflect that of all the eight doctors involved, any of them told him that he would not get well, or that his injuries were permanent. We do not know what the doctors told him, because their testimony is not present in this record.

In conclusion, we would like again to call attention to the fact that the only two witnesses were plaintiff and his wife, and neither of them offered testimony or opinion that he was permanently injured. This, in our opinion, places too great a burden and too much responsibility on any court or jury, and leaves the outcome entirely too vulnerable to speculation, because it is

hard to conceive how a finding that a man is permanently injured can be upheld when nobody has said that he is. We have considered this case with great care, because of its factual background and the hardships involved, as well as the seriousness of the legal problems; but we must adhere to our original position that there was insufficient evidence to warrant the court in submitting the two issues and to sustain and uphold the jury's answers thereto.

Therefore, we must sustain appellant's Points 1 and 3, and hold that this decision of the trial court be reversed and the cause remanded for new trial. Motion for rehearing overruled.