**J. G. MONTOYA, Appellant,**

**v.**

**AMERICAN EMPLOYERS INSURANCE COMPANY, Appellee.**

**No. 5937.**

Court of Civil Appeals of Texas.

El Paso.

March 27, 1968.

Rehearing Denied April 17, 1968.

Weldon S. Copeland, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, John A. Grambling, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a workman's compensation case in which the jury found that plaintiff-appellant was totally disabled for a period of twenty-two weeks and suffered partial incapacity which was permanent. The court granted the defendant's motion to disregard the jury's finding that the partial incapacity was permanent, and its finding as to wage earning capacity during such disability. Judgment was entered for plaintiff for the twenty-two weeks of total disability, and this appeal taken by plaintiff as to the court's action in disregarding the other findings. Also presented as error are two assignments as to exclusion of evidence, but the principal question is whether the court was correct in disregarding the jury's finding that the partial disability was permanent.

When plaintiff announced that he rested his case, defendant also rested, so that the total of the testimony presented was from plaintiff and three others called by him.

■ The disregarded issue (No. 7) asked whether the partial disability was permanent or temporary. "Permanent" was defined for the jury as "refers to incapacity for work, whether total or partial, which will last throughout the life of the employee". The jury found that plaintiff's partial disability was permanent, and the basis of the defendant's motion to disregard that finding was that there was no evidence to warrant the submission of the issue and no evidence to support the finding. We are of the opinion that the action of the trial court was correct.

Plaintiff told the jury how he was hurt—that he slipped on a piece of mortar or broken brick and fell back against a wall and sat down; that he experienced pain in his back, but continued to work for the remainder of the day because his boss was not available. There is much testimony as to continuing pain, but no description of the nature of the injury from which the jury could infer how long it would last. He testified that he could not sit for long periods because of pain, that he wore a back brace for some thirteen months, and that he had not noticed any improvement in the past year; that he had an operation some thirteen months after his injury. The jury was told nothing of the nature of the operation, its cause or effect (presumably it was for the injury); but the bare fact of an operation, alone, sheds no light on the question of duration of incapacity to work. The fact that plaintiff had not noticed any improvement in the past year would be of some help to the jury in trying to project into the future the length of his disability, but it amounts to a mere scintilla under the state of the record presented—e. g., the absence of pertinent facts establishing the condition from which he had not improved.

■ How long an incapacity to work will continue must be recognized as a difficult question for a jury of laymen to determine. As a general rule the question of the extent and duration of the disability resulting from an injury is one for the jury. Texas Employers' Ins. Ass'n v. Scott, Tex. Civ.App., 233 S.W.2d 171, n. r. e.; Sonnier v. Texas Employers Insurance Association, Tex.Civ.App., 417 S.W.2d 433, n. w. h. And, as stated in Liberty Universal Insurance Company v. Gill, Tex.Civ.App., 401 S.W.2d 339, n. r. e.:

"There is no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury causing permanent, total disability. See Traders & General Ins. Co. v. Daniel, Tex.Civ.App., 131 S.W.2d 276, dism., judg. cor. As stated in Employers Reinsurance Corp. v. Jones, Tex.Civ.App., 195 S.W.2d 810, writ ref., n. r. e., 'The duration and extent of disability resulting

from injury is at best an estimate which must be determinedby a jury from all the pertinent facts before it.' 63 Tex.Jur.2d p. 455, Sec. 429, and authorities cited."

The jury may reasonably infer permanent disability from circumstantial evidence, and from the testimony of lay witnesses alone (as here), or where the lay evidence is contradicted by the testimony of medical experts. Travelers Insurance Company v. Wade, Tex.Civ.App., 373 S.W.2d 881, n. r. e. But the fact remains that there must be some pertinent facts bearing on an incapacity to work which will last throughout the life of the claimant. Otherwise, the situation becomes one of placing too great a burden and too much responsibility on the court or jury, and leaves the outcome entirely too vulnerable to speculation, as found by this court in Travelers Insurance Co. v. Linder, Tex.Civ.App., 368 S.W.2d 797, n. r. e. That case, like the one before us, was based on no evidence on the issue of permanency of disability, and should not be construed as based on no "medical" evidence. Neither should it be construed as penalizing the claimant for his failure and that of his wife to testify that his "injuries" were permanent, for it is recognized that the general rule is that such testimony from a lay witness is not admissible over objection. Travelers Insurance Company v. Wade (supra) and authorities there cited.

It would serve no purpose to cite or enumerate the many cases in which the courts have held that there was, or was not, some or sufficient evidence on the issue in question, for each case must depend on its own facts reviewed under well-established rules. In deciding whether there is evidence in the record which supports the jury's finding, it is a well-established rule that we must view the evidence in its most favorable light in support of the verdict. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957); Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex.1967). We have reviewed the statement of facts in this case in the light of such rule and have concluded that there is no evidence to support the jury's finding as to Issue No. 7, and that the trial court correctly disregarded it.

The other assignments of error present no reversible error as to the action of the trial court, and each is overruled.

Judgment of the trial court is affirmed.