**The TRAVELERS INSURANCE CO.,
Appellant,**

**v.**

**Frank Sanchez DeLEON, Appellee.**

**No. 8070.**

Court of Civil Appeals of Texas,
Amarillo.

June 22, 1970.

Rehearing Denied July 20, 1970.

Gibson, Ochsner, Adkins, Harlan & Hankins, and H. B. Hankins, Amarillo, for appellant.

Edwards & Associates, Inc., and Carson Smith, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. Frank S. DeLeon, hereinafter referred to as appellee, brought this action against The Travelers Insurance Co., hereinafter referred to as appellant, for injuries re-

ceived in the course and scope of his employment on September 2, 1967, while in the employment of Hereford Feed Yards. The trial was to a jury which, in answer to special issues, found the appellee sustained total permanent incapacity; and also partial permanent incapacity. The question of wage rate and lump sum payment were not contested issues herein.

The appellee elected to waive any claim to total permanent incapacity, and the court therefore entered judgment based upon the findings of partial permanent incapacity, and entered judgment in favor of appellee and against the appellant in the amount of $5,083.59. From that judgment, appellant perfected this appeal.

The appellant presented to the court, before the trial of this cause commenced, its motion requesting the court to instruct the appellee's attorney not to refer either in voir dire examination or otherwise to the number of weeks for which he was suing for compensation, nor the amount of weekly compensation recoverable. The court overruled the motion and appellant duly excepted to such ruling. Appellant by its first point of error, contends the court erred in refusing to instruct the jury as above set out, and by its fifth point of error that the findings of the jury in regard to partial permanent incapacity were so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

Appellee's attorney then in his examination of the jury stated:

"I would point out that the workman's compensation law is, of course, a limited law. It's limited to the benefits; it's limited to the monetary amount of the benefits and it's limited to what you can receive these benefits for. Meaning number one: no matter how seriously you are hurt, if you are hurt on the job, your maximum benefits, and if you come out a quadriplegic, your maximum benefits are 401 weeks at a maximum rate at the time of this particular accident of

$35.00 a week. Even if you were making $300.00 a week or $200.00 a week the maximum benefit you can receive under this is $35.00 a week for 401 weeks. So, it's limited in that aspect. The next aspect that it's limited in, it's limited to pay you this disability benefits or compensation benefit if, and only if, and for disability sustained by the working man."

Then further stated:

"However, it's our contention that this disability that Frank sustained to his shoulder and his back area, that this originated on September the 2nd of 1967 and he still has disability and as such he is entitled to these benefits that this insurance—the benefits under the terms of the insurance policy that his employer bought for this purpose. And, of course, the employer was not a party to the law suit but Mr. Jagles is here because I'm sure as representative here, he is not a named party to the law suit, it's the Travelers Insurance, the Hereford Feed Yard purchased this particular policy that's applicable in this case for their employees in accordance with the law."

It is stated in Texas Employers' Ins. Assoc. v. Poe, 152 Tex. 18, 253 S.W.2d 645 "It is the better practice not to read to the jury those portions of the pleadings with which the jury is not concerned." Since in this case the wage rate and lump sum payment were in no way contested, and the only matter that the jury was concerned with was the extent of appellee's injuries, the 401 weeks and $35.00 per week were in no way involved.

We have not been cited to a Supreme Court decision, and neither have we found one, holding that informing the jury of the wage rate or the number of weeks compensation provided by law for a particular injury is such error as to require reversal. But it has been determined that such error, if any, in permitting such proceedings is not a reversible error unless such error caused the rendition of an improper verdict. Transport Insurance Co.

**546**

v. Nunn, 375 S.W.2d 484 (Tex.Civ.App. n. r. e.); Texas Power and Light Co. v. Hering, et ux., 148 Tex. 350, 224 S.W.2d 191 and the cases there cited. Rule 434, Rules of Civil Procedure, provides that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case.

Appellee, on September 2, 1967, while shoveling feed strained a neck muscle and went to see his family doctor complaining of his neck being stiff and sore. On November 7, 1967, appellee was released by his doctor to go back to work, and he returned to the same job doing the same work he was doing when he was injured, and received the same rate of pay. He worked at this same job until April 19, 1968, when he quit because he thought the company he was working for had shortened his paycheck one hour's pay. From September 2 to November 8, 1967, appellee worked part time although during that period of time he was paid the maximum compensation benefits each week by the appellant.

On June 6, 1968, appellee went to work for Merchant's Motor Lines where he earned an average of $100.00 to $110.00 weekly. Appellee worked for Merchants the rest of 1968 and worked one day thereafter and never showed up for work again. Appellant also lost some time because of his drinking. It is stated in Montoya v. American Employers Ins. Co., 426 S.W.2d 661 (Tex.Civ.App. n. r. e.) as follows:

"The jury may reasonably infer permanent disability from circumstantial evidence, and from the testimony of lay witnesses alone (as here), or where the lay evidence is contradicted by the testimony of medical experts. Travelers Insurance Company v. Wade, Tex.Civ. App., 373 S.W.2d 881, n. r. e. But the fact remains that there must be some pertinent facts bearing on an incapacity to work which will last throughout the life of the claimant. Otherwise, the situation becomes one of placing too great a burden and too much responsibility on the court or jury, and leaves the outcome entirely too vulnerable to speculation, as found by this court in Travelers Insurance Co. v. Linder, Tex.Civ.App., 368 S.W.2d 797, n. r. e. That case, like the one before us, was based on no evidence on the issue of permanency of disability, and should not be construed as based on no 'medical' evidence. Neither should it be construed as penalizing the claimant for his failure and that of his wife to testify that his 'injuries' were permanent, for it is recognized that the general rule is that such testimony from a lay witness is not admissible over objection. Travelers Insurance Company v. Wade (supra) and authorities there cited."

"It would serve no purpose to cite or enumerate the many cases in which the courts have held that there was, or was not, some or sufficient evidence on the issue in question, for each case must depend on its own facts reviewed under well-established rules. In deciding whether there is evidence in the record which supports the jury's finding, it is a well-established rule that we must view the evidence in its most favorable light in support of the verdict. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957); Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex.1967). We have reviewed the statement of facts in this case in the light of such rule and have concluded that there is no evidence to support the jury's finding as to Issue No. 7, and that the trial court correctly disregarded it."

We are unable to find any evidence in this record to justify the findings

of the jury that appellee's partial incapacity was permanent, and we further find that the verdict is so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust. Texas Employers Ins. Assoc. v. Moran, 261 S.W.2d 855 (Tex.Civ.App. error dismissed); Employers Reinsurance Corp. v. Wagner, 250 S.W. 2d 420 (Tex.Civ.App. n. r. e.).

Under this record, we are of the opinion, and so hold, that the first point of error here complained of amounted to such denial of the rights of appellant as reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Appellant's first and fifth assignments of error are sustained. Judgment of the trial court is reversed and remanded.