**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

**v.**

**Jessie R. COX, Jr., Appellee.**

**No. 19033.**

Court of Civil Appeals of Texas, Dallas.

Nov. 30, 1976.

Rehearing Denied Dec. 30, 1976.

Glennis E. Sims, Bailey, Williams, West-fall, Lee & Fowler, Dallas, for appellant.

Robert P. Woodruff, Woodruff & Ellis, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

In this workmen's compensation case, Texas General Indemnity Company appeals from a judgment in favor of Jessie R. Cox, Jr. based upon a jury verdict which found that Cox sustained an injury in the course of his employment causing total temporary incapacity followed by a permanent partial incapacity. In two points on appeal, appellant insurer seeks reversal of the judgment on the grounds that the jury's finding in response to special issues five and seven (being the beginning date and termination date of total incapacity) was against the great weight and preponderance of the evidence. We find no merit in these points and accordingly affirm the judgment.

The material facts are relatively undisputed. Appellee Cox, an employee of East Texas Motor Freight Lines for seventeen years, injured his back on September 6, 1974 while performing tasks in the course of his employment which required heavy lifting. After he was sent to the company doctor, he was given medication and sent home. The following Monday, he was allowed to return to the job but he found that he had difficulty in performing his work because he could barely bend or stoop and encountered extreme difficulty in driving and getting in and out of his truck. He continued to work at his job because of family obligations. When the pain continued, he saw another treating doctor who prescribed muscle relaxers, pain medication, a brace, and traction devices. Under this doctor's care, on November 1974, he was hospitalized for a myelogram, which caused him to miss two weeks from work because of severe headaches associated with the procedure. Although his pain worsened and affected his legs, Cox continued to work at the same job. Upon advice of his treating physician and another consulting physician, Cox decided to consent to an operation, but the insurer refused to authorize it. Subsequently, Cox consulted with his osteopathic-orthopedic physician who performed an electromyleogram and diagnosed a lumbar-5 nerve root irrigation due to disc herniation which required surgery. He further stated that the injury would result in an inability to do heavy lifting, prolonged bending or stooping. At the time of trial, Cox was required to take off work early because of constant pain. During the trial, two witnesses who worked with Cox testified that since his injury he could not do the work he had done prior to that date although he continued to hold the same posi-

tion in the company. Both witnesses testified that they helped Cox with his work, especially the heavy lifting, and that they thought his condition was worsening.

The basic thrust of appellant Texas General's argument is that because Cox continued to hold the same position in the company and, in fact, received pay raises subsequent to his injuries, the jury finding that Cox sustained injury causing total, temporary incapacity on September 1974 to February 5, 1977, in response to special issues five and seven, was against the great weight and preponderance of the evidence and could not, therefore, form the basis of the judgment for total disability.

The trial court correctly defined "total incapacity" in its charge as follows:

"Total incapacity" does not mean an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to be able to procure and retain employment is totally incapacitated. The term implies disability to perform the usual task of a workman and not merely the usual task of any particular trade or occupation.

Texas General cites numerous cases wherein courts have held that a jury finding of total incapacity, where a workman has worked more or less continuously at the same or similar employment as before the injury, is against the great weight and preponderance of the evidence. *Texas Employers' Insurance Ass'n v. Hawkins*, 387 S.W.2d 469 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.); *Texas Employers' Insurance Ass'n v. Moran*, 261 S.W.2d 855 (Tex. Civ.App.—Eastland 1953, writ dism'd); *Fidelity & Casualty Co. of New York v. Burrows*, 404 S.W.2d 353 (Tex.Civ.App.—San Antonio 1966, writ ref'd n. r. e.); *Texas Employers' Insurance Ass'n v. Vineyard*, 316 S.W.2d 156 (Tex.Civ.App.—Dallas 1958, no writ), and *Indemnity Insurance Co. of North America v. Cady*, 356 S.W.2d 323 (Tex.Civ.App.—San Antonio 1962, no writ). All of these cases involve claimants who sustained back injuries and who either continued to work at jobs demonstrating abili-

ty to perform heavy lifting tasks or who were able to obtain similar jobs with the same company or other companies in which they were not required to perform heavy lifting duties. Upon these facts, the courts held that a claimant could not claim total incapacity and yet obtain and retain employment which would exclude such incapacity.

Appellee Cox, on the other hand, argues that the fact that a claimant resumes work after an injury is merely one of the factors to be considered by the jury. *Aetna Insurance Co. v. McDonald*, 520 S.W.2d 945 (Tex.Civ.App.—Amarillo 1975, no writ). A finding of total disability is not precluded merely because an injured employee is forced to resume work because of economic necessity. *Hartford Accident & Indemnity Co. v. Williams*, 516 S.W.2d 425 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). If a trial court finds that in the event a claimant should lose his present employment where he is favored by his foreman and fellow employees in the performance of his duties, he would be unable to obtain and retain employment then he is in fact totally incapacitated although in fact he is pursuing his occupation because of economic necessity. *National Surety Co. v. Roberts*, 217 S.W.2d 894 (Tex.Civ.App.—Beaumont 1949, no writ). A claimant need not show economic loss because of the injury and the fact that he continues to work and earn money is but one fact to be considered in determining capacity to work. *American General Insurance Co. v. Bailey*, 287 S.W.2d 290, 292 (Tex.Civ.App.—Galveston 1956, writ ref'd n. r. e.).

The principal question before this court is whether Cox's condition would prevent him from obtaining and retaining permanent employment requiring duties lighter than his present employment which he would be able to perform full time, permanently, and ably. *Texas Employers' Insurance Ass'n v. Vineyard*, 316 S.W.2d 156, 160 (Tex.Civ. App.—Dallas 1958, no writ).

Since Texas General Indemnity is alleging factual insufficiency, we are required to look at all of the evidence and

determine if it supports the jury verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

A review of all of the evidence shows that Cox has probably sustained disc herniation in his lower back and has nerve root irritation at two levels. Because of his inability to lift heavy objects, to bend or stoop, he is incapable of performing this present job task. Also, because of the acute pain he is unable to perform his auxiliary part time employment of making TV commercials and conducting exhibitions of quick-draw ability with a handgun. Testimony of only one doctor was introduced into evidence. The doctor testified that Cox's inability to perform his work would continue and become progressively worse, thereby requiring surgery.

We hold that the jury verdict is not against the great weight and preponderance of the evidence. The fact that Cox has continued to work because of economic necessity is only one factor to be considered because the definition of total incapacity does not require that an injured person be reduced to a condition of complete and abject helplessness causing an absolute disability to perform any kind of labor. Accordingly, we affirm the judgment of the trial court.