## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## Dolores P. FLORES, Appellee.

### No. 6957.

Court of Civil Appeals of Texas, El Paso.

July 23, 1980.

Cotton, Bledsoe, Tighe & Dawson, P. C., Charles Tighe, Deborah J. Randerson, Midland, for appellant.

Burnett & Ahders Associated, Warren E. Burnett, W. Ruff Ahders, Norma Venso, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is a worker's compensation case in which the jury found the claimant had sustained total and permanent incapacity. The Appellant attacks such findings with points of error asserting that the evidence was legally insufficient and factually insufficient to support the verdict. We sustain the factually insufficient evidence point, and reverse and remand for a new trial.

The Appellee, Dolores Flores, was employed as a truck driver at the automobile proving grounds near Pecos when the truck he was driving turned over on February 6, 1978. As a result of the accident, he said he hit his head on the cab of the truck, had his left leg pinned under him, and the steering wheel was forced against his stomach. He was hospitalized in Odessa where surgery was performed to stop internal bleeding, and a colostomy was performed. He was in the hospital for about two weeks and then returned on March 13, 1978, to have a closure of the colostomy and he was hospitalized about a week for this second operation. He returned to work in October after having a physical examination by a company doctor, and he received a release from his own doctor with a recommendation that he drive cars. He drove cars for a period of approximately one year to the time of trial in October, 1979 and was working forty hours a week, making $12.00 a week less than he had earned as a truck driver.

At the time of trial, Mr. Flores complained about pain in his back, neck, leg and stomach. He said he has trouble sleeping and that he takes pills for his nerves. He said at times he has to stop the car he is driving and get out and walk around to feel better. He testified that his physical condition is getting worse, but admitted that he has not been to see a doctor since November, 1978.

The claimant called two friends to testify. Ernesta Martinez said Mr. Flores complains about his back and not being able to sleep since the accident. She said he is not getting any better. Y. D. Dominguez, a fellow employee at the test track, said Mr. Flores still complains about his back and not being able to sleep. He said Mr. Flores does a satisfactory job driving a car, and is able to keep his job.

Ralph Matsinger, personnel manager, testified that Mr. Flores has been able to handle the job of car driver since returning to work, that he works regularly and that there have been no reports that he is not able to do the work. Thomas Williams, the claimant's shift foreman, testified that since his return to work in October, Mr. Flores' work has been satisfactory, and that there have been no complaints about his physical condition during that time. After the claimant returned to work driving cars, he applied for an opening as a mechanic's helper, but another employee with more seniority received the job. But, Mr. Flores testified he knew what the job required and he thought he was capable of doing that job. His witness, Mr. Dominguez, testified Mr. Flores was capable of doing the mechanic's helper job and that he (Dominguez) told the company that. In summary, Mr. Flores testified to substantial injuries which have resulted in his having serious complaints about his present physical condition. At the same time, the witnesses testified that Mr. Flores has worked regularly for about a year, that he is able to do his present job and is also capable of performing the higher paying job of mechanic's helper which he wanted.

The Appellant's first two points of error assert there is no evidence and insufficient evidence to support the jury's findings of total and permanent incapacity. In passing on these issues, we review the record under the rules set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

When we consider only the evidence and inference to support the verdict, we conclude that the no evidence point cannot be sustained and Point of Error No. 1 is

overruled. In passing on the insufficient evidence point, we consider all the evidence without any favorable inferences. When we do that, we conclude that the insufficient evidence point should be sustained.

In *Commercial Insurance Company of Newark, New Jersey v. Puente*, 535 S.W.2d 948 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.), Chief Justice Nye stated the rule applicable to the issue in this case. He said:

> To uphold a recovery for total and permanent incapacity, the evidence must show not just that the workman is disabled, and not just that such disability be from performing the usual tasks of a workman, but the evidence must show that the workman is disabled to such an extent that he cannot get and keep employment.

In that case, the Court held that the claimant, who had injured his back while working on a garbage truck and had had a laminectomy, was not prevented from obtaining and retaining employment which called for lighter duties. In that case, as in our case, the claimant testified as to performing an assigned job with lighter duties. Likewise, the foreman testified in that case, as in our case, that the claimant was able to keep the lighter job and perform the assigned tasks without complaint about any disability.

Based in large part upon a lengthy work record, the Court reached the same result in *Texas Employers' Insurance Association v. Vineyard*, 316 S.W.2d 156 (Tex.Civ.App.— Dallas 1958, no writ). That case also involved a claimant with an operated disc. But, following surgery, he worked regularly up until the time of trial, and the Court concluded that there was insufficient evidence to support the jury finding that the claimant was totally and permanently disabled.

In *Indemnity Insurance Company of North America v. Cady*, 356 S.W.2d 323 (Tex.Civ.App.—San Antonio 1962, no writ), the Court reviewed a workman's compensation case involving a roughneck who sustained a fractured wrist and back injury when hit by a heavy fishing tool. In setting aside a judgment for total and permanent benefits, the Court, in an opinion by Justice Pope, noted a substantial work record in the same type employment and that the claimant had passed a physical examination to work as a roughneck. The Court concluded: "* * * [H]is work record is not that of a person who is totally incapacitated."

In this case, we have gone beyond the work record and have concluded that all of the witnesses who testified with regard to obtaining and retaining employment said this claimant could do the lighter task of driving a car at the test track. We quote their testimony.

| Witness | Testimony |
|---|---|
| Ralph Matsinger, personnel manager | "Q. Has he been able to handle the job of a car driver since October the 2nd of 1978? |
| | A. Yes, sir. |
| | . . . |
| | Q. As far as Mr. Flores here is concerned, have you had any report of any kind that he is not working regularly and able to do the work? |
| | A. No, sir. |
| | Q. Your records show that he works regularly, do they not? |
| | A. Yes, sir." |
| Y. D. Dominguez, fellow employee | "Q. All right. Were you aware . . . First, let me ask you this . . . as far as you know, he's doing a satisfactory job driving that car now, is he not? |
| | A. Yes, sir. |
| | Q. You're familiar with all the employees out there, aren't you? |
| | A. Yes, sir, I am. |
| | Q. And he's doing a good enough job to hold that job, is he not? |
| | A. Yes, sir." |
| Thomas Williams, shift foreman | "Q. All right. In your position as shift foreman, having the responsibility to watch over the drivers and particularly the automobile drivers, has his work since he came back to work been satisfactory or unsatisfactory? |
| | A. I would say his work has been satisfactory". |

Where the claimant has a steady work record, and all the witnesses familiar with his work, including his own fellow employee who he called as a witness, testified that the work has been performed in a satisfactory manner, the record does not support a finding of total and permanent incapacity. On top of this evidence is the claimant's own testimony about working at the higher paying job as a mechanic's helper, which he sought and represented he was capable of doing, and which one witness said was a more strenuous job than driving cars.

We conclude that the evidence is insufficient to support the jury's verdict. *Texas Employers' Insurance Association v. Hawkins,* 387 S.W.2d 469 (Tex.Civ.App.— Amarillo 1965, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Ontiveros,* 570 S.W.2d 98 (Tex.Civ.App.—El Paso 1978, no writ). Point of Error No. 2 is sustained.

It is not necessary to pass on the other points of error since they present issues which may not arise upon a retrial of the case. We do note that where the Court rules that certain evidence is inadmissible, it is not proper for counsel in argument to criticize counsel for an objection which kept out inadmissible evidence, nor is it proper to criticize the Court's ruling in sustaining the objection. 56 Tex.Jur.2d *Trial* sec. 247 (1964). If the ruling was erroneous, it should be attacked in the appellate court, not in the jury argument.

The judgment of the trial Court is reversed, and the case is remanded for a new trial.