LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,

v.

Dever Lee APPLEWHITE, Appellee.

No. 6965.

Court of Civil Appeals of Texas, El Paso.

Feb. 18, 1981.

Rehearing Denied March 11, 1981.

Rassman, Gunter & Boldrick, James P. Boldrick and Tryon D. Lewis, Midland, for appellant.

Burnett & Ahders, Associated, Warren Burnett, Ruff Ahders, Norma Venso, Odessa, for appellee.

## OPINION

WARD, Justice.

This is a workers' compensation case tried before a jury and resulting in a judgment for Appellee, Dever Lee Applewhite, against Appellant, Liberty Mutual Fire Insurance Company, for total and permanent incapacity. Appellant has appealed, complaining that the evidence is factually insufficient to support the jury's award. We will reverse and remand for a new trial.

The Appellant's two "insufficiency of the evidence" points require this Court to examine the whole record to determine whether the evidence supports the jury findings. In this regard, we have a comparatively simple record as the evidence regarding the injury and the resulting disability is supported only by the testimony of the Plaintiff and his wife. He testified that he received a degree in machine shop from Odessa College in 1976, and for several years had been employed as a machinist trainee and a journeyman machinist. He went to work for Meither Machine Works, Inc., in July of 1978, and worked until his injury on September 29. He stated that on the date of the accident, he fell from the top of a large machine and caught his back against the side of the equipment. He didn't feel good and got a friend to punch out for him. He was in pain and went home and laid down. He reported the accident the following Monday and went to see Dr. Tatum. He took a pain pill but didn't take any more as the pill made him sick. The doctor prescribed a back brace but he didn't wear it long as he was in too much pain. He was referred to Dr. Madden, a physical therapist, but he did not go to see him many times. He was in pain when he went to therapy but later he would feel better, and he noticed a certain improvement in his condition after using a heating pad and undergoing home therapy. He did not go back to work for Meither, but the first of December, after a two-month layoff, went to work for Rod Ric Drilling Company as a classified machinist. His father worked there and got him the job, and then became his supervisor. He did not do any heavy work as a machinist but could machine lighter parts. He has been able to work forty-four hours a week every week from December, 1978 until the time of trial in October, 1979 and made no complaint of ever having missed any work. In July of 1979, he was promoted to shop foreman at a higher salary than ever before. He testified that he was no longer able to do any heavy machine work and that he no longer was able to do any skiing, jogging, bowling or riding his motorcycle. He noticed pain from sleeping, and twitching and pain in his legs.

His wife testified that since the accident her husband has not enjoyed the sports of weight lifting or bowling; that he could not wrestle with his child and had difficulty sitting on hard benches for a long period of time.

Testimony offered by the Defendant developed that the Plaintiff had sustained a previous injury as a result of an motorcycle accident, and as a result of that accident he claimed he was not able to do heavy work. It was noted that he was given a classified acceptance for work at Meither. The Plaintiff testified, however, that he had fully recovered at the time of the Meither accident.

In this case, we have evidence of incapacity but no evidence of total and permanent incapacity. Other than an argument made by the Plaintiff's attorney that the jury is the exclusive judge of the determination of total and permanent incapacity in a workers' compensation case, we are pointed to nothing else that will support the verdict of the jury. At best, the evidence affirmatively shows that there is a partial incapacity calling for lighter duties. The Plaintiff has shown that he suffered some partial incapacity and that he cannot perform heavy lifting such as he was performing when he was injured. The record further shows that his condition does not and has not prevented him from obtaining and retaining permanent and lucrative employment calling for lighter duties, which duties he is able to perform more than full time. *Texas Employers' Insurance Association v.*

*Ontiveros,* 570 S.W.2d 98 (Tex.Civ.App.—El Paso 1978, no writ); *Texas Employers' Insurance Association v. Flores,* 603 S.W.2d 330 (Tex.Civ.App.—El Paso 1980, no writ).

The judgment of the trial Court is reversed, and the case is remanded for a new trial.