AMERICAN HOME ASSURANCE COMPANY, Appellant,

v.

Francisco H. GUEVARA, Appellee.

No. 04–86–00040–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1986.

Rehearing Denied Sept. 11, 1986.

Joseph L. Segrato, San Antonio, for appellant.

Robert D. Huerta, Philip D. Clark, San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is a worker's compensation case with judgment favorable to the worker/appellee. The judgment rendered, based on the jury's answers to special issues, found that the worker was totally and permanently disabled. The specific awards included the sum of $16,362.78 for past compensation benefits compounded at the rate of four percent (4%) interest per annum plus prejudgment interest; the sum of $45,626.38 for future compensation benefits, discounted at the rate of four percent (4%) interest per annum; and reasonable future medical expenses for the rest of the worker's life.

Appellant complains that the judgment rendered was erroneous because the trial court denied appellant's motion for new trial and denied appellant's motion for instructed verdict. Appellant alleges that there was no evidence or insufficient evidence regarding the following answers and findings which the jury delivered: (1) the jury's answer to Special Issue No. 3 finding that the total incapacity suffered by appellee was permanent in nature; (2) that appellee was totally and permanently disabled; and (3) that there was no evidence or insufficient evidence to support the submission of special issues regarding any total, permanent disability and partial, permanent disability suffered by appellee.

A no evidence point is regarded as a question of law and the reviewing court considers only that evidence and reasonable inferences therefrom which viewed in the most favorable light support the jury findings and must reject all evidence and reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.* 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). To determine a question on the factual sufficiency of the evidence, the appellate court must consider and weigh all the evidence,

and should set aside the jury verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The evidence that supports the jury findings and the submission of the challenged special issues on the question of whether appellee was totally and permanently incapacitated is as follows: (1) it is undisputed that appellee suffered an injury to his back in an industrial accident, which occurred in the course and scope of employment; the diagnosis supported by a myelogram indicated that appellee sustained a ruptured disc; and Dr. Rios performed surgery to remove the L5–S1 and L4–L5 discs; (2) Dr. Rios imposed working restrictions on appellee, which included, not lifting heavy objects, and not stooping or bending repeatedly; (3) prior to the injury appellee was doing manual labor; and (4) after the injury appellee was unable to do manual work and required assistance. Under Texas law, the jury, based on the direct and circumstantial evidence, determines the extent of disability, *i.e.* whether or not the worker was totally and permanently incapacitated as a direct result of the injury. *Reina v. General Accident Fire and Life Assurance Corp., Ltd.*, 611 S.W.2d 415 (Tex. 1981). Accordingly, having considered only the evidence and inferences which support the judgment, we conclude that the record before us reflects more than sufficient evidence to support the submission of the contested special issues and the jury findings in this regard. Furthermore, appellant has conceded that his no evidence points are without merit. Appellant's no evidence points are overruled.

■ The factual sufficiency of the evidence question and the great weight and preponderance points will be addressed jointly. We will review the whole record particularly the evidence tending to prove the fact and that evidence tending to disprove the fact. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 367 (1960). The evidence to the contrary is as follows: (1) appellee returned to work after a five month convalescence period following surgery; (2) he resumed the same position at the work place, making more money than before the injury; (3) the surgery was successful and improved appellee's condition; (4) Dr. Rios gave his opinion that appellee was suffering from partial disability; (5) Dr. Stool testified that in his opinion appellee was not totally and permanently incapacitated; and (6) that appellee had no problems with job performance.

While the testimony of medical experts was considered, apparently the jury chose to disregard this evidence. The question of whether appellee could perform the usual task of a workman in the work place was answered by the jury by its finding that appellee was totally and permanently incapacitated. The jury in its implied finding and reasonable inferences from the direct and circumstantial evidence could have considered the following factors: (1) appellee testified that he was unable to do the same work as before the injury; (2) Gilbert Juarez, a co-worker, testified that appellee was unable to do the same work as before and further stated that the supervisor ordered him to help appellee; and that appellee was not the same working man as before the accident; (3) Mr. Maldonado, another co-worker, testified he saw appellee taking "pain pills" and that he saw that appellee was not able to do the work as before the accident; (4) appellee was injured while doing heavy manual labor *i.e.*, working with a heavy wrench tool; and (5) the doctor imposed working restrictions such as not lifting heavy objects and not bending and stooping repeatedly. The Supreme Court in *Reina* approved the prevailing principles of law which are applicable to this set of facts:

Proof of the duration and extent of a disability resulting from an injury is, like the assessment of damages in a personal injury action, at best an estimate which must be determined by a jury from all the pertinent facts before it. A jury may

reasonably infer permanent disability from circumstantial evidence produced by lay witnesses. This is true even if such evidence is contradicted by the testimony of medical experts. The issue as to disability may be established by the worker alone. (Citations omitted.)

*Reina,* 611 S.W.2d at 416–17.

In this case there is direct evidence that appellee returned to work because of economic necessity. Appellant's argument that appellee has resumed employment at the same position is but one factor to be considered by the jury in determining the duration and extent of disability. *Texas General Indemnity Co. v. Cox,* 544 S.W.2d 766, 768 (Tex.Civ.App.—Dallas 1976, no writ). The direct and circumstantial evidence in this record is at most conflicting but certainly not overwhelming nor does it preponderate against the jury finding at issue. The jury decides the credibility of the witnesses and the weight to be given their testimony, it resolves conflicts in the testimony of witnesses, and it has the exclusive prerogative to believe part of a witness' testimony or disregard it. *Royal v. Cameron,* 382 S.W.2d 335, 339 (Tex.Civ. App.—Tyler 1964, writ ref'd n.r.e.). We conclude that the evidence is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

 We are next asked to decide whether the trial court erroneously permitted appellee to amend his pleading after a verdict was returned and granted prejudgment interest. Generally a post verdict trial amendment can only be challenged for an abuse of discretion by the trial court by objection, a plea of surprise, or a request for postponement or continuance showing an injury to the objecting party. *Tom's Toasted Peanuts, Inc. v. Doucette,* 469 S.W.2d 399, 402 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); *See Santa Rosa Medical Center v. Robinson,* 560 S.W.2d 751, 759 (Tex.Civ.App.—San Antonio 1977, no writ); *See also Shaw v. Tyler Bank & Trust Co.,* 285 S.W.2d 782, 790 (Tex.Civ. App.—Texarkana 1955, writ ref'd n.r.e.) (regarding surprise). In this case the court, over objection, granted ten percent (10%) prejudgment interest on past accrued compensation benefits. We agree with appellant, that under TEX.REV.CIV.STAT. ANN. art. 8306a (Vernon 1967) (the Worker's Compensation Act) the award of prejudgment interest is restricted to four percent (4%) compounded annually. The Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute and (2) general principles of equity. *Phillips Petroleum Co. v. Stahl Petroleum Co.,* 569 S.W.2d 480, 485 (Tex.1978). More recently, in *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 552 (Tex.1985), the Supreme Court approved an award of prejudgment interest based upon equitable considerations since there was no statute that controls the award of prejudgment interest in personal injury cases. Therefore, because the award of prejudgment interest in the instant case is controlled by statute, we conclude that the court erred in awarding ten percent (10%) prejudgment interest on past accrued compensation benefits. The judgment will be reformed to delete the award of ten percent (10%) prejudgment interest.

 Finally we consider alleged trial court error in denying a motion for new trial on the grounds of jury misconduct and the failure to grant a hearing thereon. The motion for new trial based on jury misconduct is controlled by the provisions of TEX. R.CIV.P. 327. The rule imposes a mandatory duty upon the trial court to receive evidence of jury misconduct *if it is properly presented;* "the party asserting jury misconduct must show good faith by demonstrating that such allegation is based upon knowledge rather than hope." This showing can be made by attached affidavits or by an equivalent explanation of the attendant circumstances. *See Roy Jones Lumber Co. v. Murphy,* 139 Tex. 478, 163 S.W.2d 644, 646 (1942). In this case appellant attached no affidavits to the motion for new trial. He argued that the jurors refused to sign the affidavit and that he used due diligence. However, appellant

does not explain what due diligence was exercised. Appellant's basis for seeking a new trial is that Ricardo Rios, the jury foreman, talked to a witness for appellee during a recess "presumably" about the facts of the case and that the alleged jury misconduct probably resulted in harm. Appellant has failed to show that his allegation of jury misconduct was based on knowledge rather than suspicion. *See Freedman Packing Co. v. Harris,* 160 S.W.2d 130, 134 (Tex.Civ.App.—Galveston 1942, writ ref'd w.o.m.). Therefore, we conclude that the trial court did not abuse its discretion in overruling the motion for new trial on jury misconduct and denying a hearing thereon.

The judgment of the trial court is affirmed as reformed.

CANTU, Justice, concurring in part and dissenting in part.

I agree with appellant that the jury finding on total and permanent incapacity is against the great weight of the evidence as to be clearly wrong and unjust.

Contrary to the conclusions of the majority, the record does not establish that appellee was disabled to such an extent that he cannot obtain and keep employment.

While the testimony undoubtedly established that appellee has suffered some permanent partial incapacity, and that he cannot now perform heavy lifting and constant stooping such as he was performing when he was injured, the overwhelming evidence shows that appellee's condition does not and has not prevented him from obtaining and retaining permanent and gainful employment calling for lighter duties which lighter duties he is more comfortably able to perform on a full time basis.

The instant case is in fact not much different from the following cases, all of which called for a result contrary to that reached by the majority. *See Liberty Mutual Fire Insurance Co. v. Applewhite,* 612 S.W.2d 281 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Flores,* 603 S.W.2d 330 (Tex.Civ.App.—El Paso 1980,

no writ); *Texas Employers' Insurance Association v. Ontiveros,* 570 S.W.2d 98 (Tex. Civ.App.—El Paso 1978, no writ); *Commercial Insurance Co. of Newark, N.J. v. Puente,* 535 S.W.2d 948 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n.r.e.); *Travelers Insurance Co. v. DeLeon,* 456 S.W.2d 544 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Hawkins,* 387 S.W.2d 469 (Tex.Civ.App.—Amarillo 1965, writ ref'd n.r.e.); *Indemnity Insurance Company of North America v. Cady,* 356 S.W.2d 323 (Tex.Civ.App.—San Antonio 1962, no writ).

I would sustain appellant's great weight challenge and reverse and remand for a new trial. In all other particulars I agree with the results reached by the majority.