**NORTHEAST INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Alfred HAYES, Jr., Appellee.**

**No. 04–86–00145–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 30, 1987.

Rehearing Denied March 16, 1987.

Sharon E. Callaway, San Antonio, for appellant.

Mike Maloney, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a worker's compensation case. A jury found that appellee was totally and permanently disabled as a result of a job related injury. We affirm the judgment of the trial court.

Appellant raises two points of error, both contesting the factual sufficiency of the evidence to support the jury findings that: (1) the injury was a producing cause of total incapacity, and (2) the total incapacity was of permanent duration. In reviewing the sufficiency of the evidence, we are guided by the rule set out in *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellee was injured while driving a tractor mower for the school district. His condition has been diagnosed as spinal stenosis. At the time of trial he had worked for the school district 13 years, was 58 years of age, and had a fourth grade education. Prior to his employment with the school district he had worked as a caddy.

Three witnesses testified at the trial: the appellee, his physician Dr. Robert Fitzgerald, and Weldon Poppe, supervisor of ground maintenance for the school district and appellee's boss.

Appellee testified about the changes in his ability to work as a result of the accident. He stated that although his job calls for an eight hour day, he is unable to work on the mower more than five hours a day. The mower's constant jostling and bouncing causes him pain which necessitates that he stop frequently. He must take medication to ease the pain. Occasionally wire will become entangled with the blades of the mower and it is necessary for him to clear the wire from the blades. Appellee complained that he is unable to stoop or bend without pain, and that he is unable to lift heavy objects. At the time of trial appellee opined that, due to the pain, he is now unable to work.

Appellee further testified that he has no alternative but to work at this job to earn a living. Initially, he did not complain to his supervisor or tell him of his pain for fear that something might happen to him. He did the work the best he could and then took off work early, without permission. However, as time passed and the pain increased, he was compelled to inform his supervisor he was taking off early because of the pain.

Dr. Fitzgerald diagnosed appellee's ailment as spinal stenosis. He estimated appellee's disability was approximately 30 percent based on the whole man concept, that his disability was permanent, and, as to appellee's back, total. He further testified that appellee's medical symptoms, including back pain, and difficulty in bending and in lifting heavy objects, would continue if he kept his present employment. As to the advisability of appellee continuing in his present employment, the doctor testified,

I discussed his occupation with Alfred, and I believe he's worked for the North East School District for quite sometime and he really feels pretty insecure about trying to change jobs. He stated that the type of work he did out there, particularly to drive a lawn tractor and that sort of thing would tend to make him more symptomatic but he still was able to do it with the use of medication. And I felt since he was motivated to continue to work, that it was best to let him go ahead and work, particularly since he was uneasy about trying to change occupations at his age, realizing that, again, he was having some problem. If we could control his symptoms with medication and the use of a corset or support, if he could tolerate it, then I encouraged him to do so.

Mr. Poppe testified that appellee was a good worker and outperformed by 25% another employee who did similar work and who was approximately 31 years of age. Further, appellee had received three raises since the accident and was considered a good worker. He acknowledged that he could not perform the usual tasks of a workman in the marketplace such as heavy lifting, prolonged bending, stooping, and lifting. He also testified that appellee has

never been required to lift heavy objects as part of his mowing duties.

The gravamen of this appeal is that for two years after his injury, appellee worked at the same job and essentially performed the same type of work, received three increases in his salary, and was awarded judgment for total and permanent disability. There are a legion of cases in this State finding that a worker who continued to work due to economic necessity was nevertheless totally and permanently disabled under the Worker's Compensation Act. The worker's continued employment is merely an evidentiary factor to be considered by the fact finder in making its determination. *See e.g., Texas Employers Insurance Association v. Draper*, 658 S.W.2d 202, 207 (Tex.App.—Houston [1st Dist.] 1983, no writ); *International Insurance Co. v. Torres*, 576 S.W.2d 862, 867 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); *Texas General Indemnity Co. v. Cox*, 544 S.W.2d 766, 768 (Tex.Civ.App.—Dallas 1976, no writ).

Here we have a 58–year old man with a fourth grade education whose job experience is limited to carrying golf clubs and mowing grass. He is qualified for only the most menial type of labor which usually requires bending, stooping and lifting objects both light and heavy. It is common knowledge that his age would be considered an adverse factor by most employers. The fact that he is only able to work five or six hours of an 8 hour day certainly limits his employment with the Northeast Independent School District. In view of his need for continued employment it is understandable that appellee continued to work without complaining to his supervisor until recently.

A person is totally incapacitated when he is disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. *Select Insurance Co. v. Boucher*, 551 S.W.2d 67, 72 (Tex.Civ.App. —Houston [1st Dist.] 1977), *aff'd on other grounds*, 561 S.W.2d 474 (Tex.1978). Our review of the entire record has brought us to the conclusion that the evidence is sufficient for the jury to have found appellee totally and permanently disabled as defined by the Worker's Compensation Act and the decisions of the courts of Texas.

The judgment of the trial court is affirmed.

CANTU, Justice, dissenting.

This is an appeal from a judgment adverse to appellant, the Northeast Independent School District (hereinafter school district) in a worker's compensation case. The appellee, Alfred Hayes, Jr., was injured while driving a tractor for the school district on August 3, 1983. A jury found that Hayes was totally and permanently disabled as a result of the accident, and awarded him compensation benefits in the amount of $59,737.71. I disagree with the holding of the majority that approves the jury findings.

Appellant raises two points of error complaining of the sufficiency of the evidence to support the jury's findings of permanent and total incapacity. School District contends that both findings are so against the great weight and preponderance of the evidence as to be manifestly wrong. In reviewing the sufficiency of the evidence, all of the evidence must be considered and the verdict may be set aside only if it is not supported by sufficient evidence. That is to say, all of the evidence in the case must be weighed and considered and the cause may be reversed and remanded only if the findings are so against the weight and preponderance of the evidence as to be manifestly unjust regardless of whether the findings are supported by some evidence of probative force. *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The evidence presented at trial established that as a result of the accident, appellee now suffers from spinal stenosis. He was unable to work for three weeks after the accident, but at the time of trial had returned to his job with the school district and had been so continuously employed for over two years. Dr. Fitzgerald, appellee's physician, testified by video tape deposition that he authorized appellee to

return to work because his condition was controllable with the use of a corset and non-narcotic analgesic medication.[1] He further testified that appellee's medical symptoms, including back pain, difficulty in bending and in lifting heavy objects, would continue if he maintained his present employment. Fitzgerald diagnosed appellee as having a 30% permanent and total disability to his back, and a 50/50 chance of eventually requiring back surgery.

Appellee, a 58 year old male with a fourth grade education, testified that he had been employed by the school district as a tractor operator mowing lawns for 13 years. Prior to his employment with the school district, he was employed as a caddy.

According to his testimony, appellee is now only able to work five hours a day, and cannot perform all the duties of his job, including stooping under the tractor to remove objects that get caught in the motor. He operates the tractor for a couple of hours, and then must stop and take medication. The bouncing of the tractor causes pain in his back. Prior to the accident he worked eight to ten hours per day, sometimes six days a week.

Appellee further testified that he had continued working with the school district, and intended to continue working as long as he "could stand the pain" only because of economic necessity.

Weldon Poppe, appellee's supervisor, testified that one other employee of the school district performed the same job as appellee. He related that appellee was able to outperform the other man, who is approximately 31 years old, by 25%. Poppe stated that appellee had received three raises since the accident, and was considered a good worker. Additionally, he stated that appellee cannot perform the usual tasks of a workman in the market place such as heavy lifting, prolonged bending, stooping, and lifting. However, he also testified that appellee has never been required nor is he now required to lift heavy objects as part of his current mowing duties.

To support a finding of total incapacity the evidence must show that the worker is disqualified from performing the usual tasks of a worker in such a way as to enable him to procure and retain employment. *Texas Employers Insurance Association v. Mallard,* 143 Tex. 77, 182 S.W.2d 1000 (1944). Thus, it is not sufficient to simply show that the worker is disabled or that the disability prevents the worker from performing the usual tasks of a worker. It must be shown that the worker is disabled to such an extent that he cannot get and keep employment. *Commercial Insurance Company of Newark, New Jersey v. Puente,* 535 S.W.2d 948 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n.r. e.).

That appellee continued employment after his injury is not controlling in determining whether the injury is total or permanent. *Texas Employers Insurance Association v. Ontiveros,* 570 S.W.2d 98 (Tex.Civ. App.—El Paso 1978, no writ). However, the evidence at trial established that appellee has retained his employment for over two years after the injury, and has received three raises during that period. Poppe testified that appellee's chances for continued employment were good based upon his past work record. Although appellee testified that he had to take medication to control his pain, a showing of pain alone does not support a finding of total incapacity either. *See Garcia v. Texas Employers Insurance Association,* 622 S.W.2d 626 (Tex.App.— Amarillo 1981, writ ref'd n.r.e.).

Little evidence was offered as to appellee's ability to obtain employment, other than Poppe's opinion that appellant was not able to perform the tasks of a manual laborer. However the evidence clearly establishes that appellee was able to outperform a younger coemployee with no known disabilities. No evidence was offered that appellee cannot obtain and retain employment with lighter duties than that of a

---

1. One other physician consulted by appellee also authorized him to return to work without re- strictions other than against heavy lifting.

manual laborer. Rather, the evidence established that appellee is performing the same job with the same duties at a higher rate of pay with more effectiveness than a totally able bodied coemployee.

At best this shows evidence of a partial incapacity. *Liberty Mutual Fire Insurance Company v. Applewhite*, 612 S.W.2d 281 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). I am convinced that the finding of total incapacity is so against the great weight and preponderance of the evidence as to be manifestly unjust. Cf. *Fidelity and Casualty Co. of New York v. Burrows*, 404 S.W.2d 353 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.). *See also Liberty Mutual Fire Insurance Co. v. Applewhite*, 612 S.W.2d 281 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Flores*, 603 S.W.2d 330 (Tex.Civ.App.—El Paso 1980, no writ); *Texas Employers' Insurance Association v. Ontiveros*, 570 S.W.2d 98 (Tex.Civ.App.—El Paso 1978, no writ); *Commercial Insurance Co. of Newark, N.J. v. Puente*, 535 S.W.2d 948 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *Travelers Insurance Co. v. DeLeon*, 456 S.W.2d 544 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Hawkins*, 387 S.W.2d 469 (Tex.Civ.App.—Amarillo 1965, writ ref'd n.r.e.); *Indemnity Insurance Company of North America v. Cady*, 356 S.W.2d 323 (Tex.Civ.App.—San Antonio 1962, no writ).

I would sustain point of error one as being against the great weight and preponderance of the evidence as to be manifestly unjust. I dissent to the majority's refusal to reverse and remand for retrial.